

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-1996

# USA v. Gateward

Precedential or Non-Precedential:

Docket 95-1839

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"USA v. Gateward" (1996). *1996 Decisions.* Paper 184.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/184

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 95-1839


UNITED STATES OF AMERICA

v.

KENNETH GATEWARD, a/k/a KENNETH CARR,
                                    Appellant


On Appeal from the United States District Court
      for the Eastern District of Pennsylvania
            (D.C. No. 94-cr-00154)


Submitted Pursuant to Third Circuit LAR 34.1(a)
                  May 20, 1996

      Before:  SLOVITER, Chief Judge, SAROKIN and
                ROSENN, Circuit Judges


(Opinion filed May 24, 1996)


John T. Drost, Esq.
Philadelphia, PA  19107

        Attorney for Appellant

Michael R. Stiles
  United States Attorney
Walter S. Batty, Jr.
  Assistant United States Attorney
Clement J. McGovern, III
  Special Assistant United States Attorney

        Attorneys for Appellee

                OPINION OF THE COURT


SLOVITER, Chief Judge.

        Appellant Kenneth Gateward was convicted after a jury

trial for possession of a firearm by a convicted felon under 18 U.S.C. 922(g)(1). Gateward challenges the constitutionality of that statute as beyond Congress' regulatory power under the Commerce Clause.

                                        I.

Gateward was indicted by a federal grand jury on a single count of possession of a firearm by a convicted felon. Such possession is prohibited under 18 U.S.C. 922(g), which, in relevant part, makes it "unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."

At trial, the government presented testimony from Officer Joseph A. Caruthers of the Philadelphia Police Firearms Identification Unit. Officer Caruthers testified that the firearm confiscated from Gateward, an Astro .380 semi-automatic handgun, had been manufactured in Spain and imported by a Virginia distributor. See App. at 31a. In addition, Gateward stipulated that available testimony from an agent of the Bureau of Alcohol, Tobacco and Firearms would establish that the firearm had been shipped or transported in interstate commerce. See App. at 39a–40a. Gateward also stipulated that he had before been convicted of a felony. See App. at 40a.

A jury found Gateward guilty, and the district court sentenced him to 235 months imprisonment, 5 years supervised release, and a $50 special assessment. Gateward now appeals from his judgment of conviction, arguing that the felon firearm statute on which it is based is unconstitutional.

                                        II.

Gateward's constitutional argument consists wholly of reference to the Supreme Court's recent decision in United States v. Lopez, 115 S. Ct. 1624 (1995). There the Court held invalid the Gun-Free School Zones Act, 18 U.S.C. 922(q), which prohibited firearm possession on school grounds or within 1000 feet thereof, as beyond Congress' commerce power, declaring that "[t]he Act neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." 115 S. Ct. at 1626. Gateward would have us view 922(g) as the Lopez Court did 922(q)--as essentially noncommercial, without the requisite nexus with interstate commerce, and accordingly unconstitutional.

We note initially that Gateward's constitutional challenge is raised for the first time on appeal, and would therefore ordinarily be reviewable only for plain error. SeeUnited States v. $184,505.01 in U.S. Currency, 72 F.3d 1160, 1165 n. 12 (3d Cir. 1995). However, the Lopez decision on which Gateward's claim depends was issued only after he was found guilty (though before judgment was entered). Under these circumstances, we move directly to the substantive question presented.

The Supreme Court has twice addressed the interstate commerce aspect of 18 U.S.C. App. 1202(a), predecessor statute to 922(g)(1), which made any felon "who receives, possesses, or transports in commerce or affecting commerce . . . any firearm"

guilty of a federal offense. 18 U.S.C. App. 1202(a) (repealed 1986).

In United States v. Bass, 404 U.S. 336 (1971), the defendant had been convicted under 1202(a) for possessing a firearm, even though the government had made no attempt to show that the gun had been possessed "in commerce or affecting commerce." That was because the government read the statutory phrase "in commerce or affecting commerce" as applying only to "transports" and not to "receives" or "possesses." The Supreme Court disagreed, concluding that the phrase modified the words "receives" and "possesses" as well.

The Court found the statutory language ambiguous, but settled on this narrower reading because "unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance." 404 U.S. at 349. By applying the jurisdictional element to possessions and receipts, as well as transports, the Court avoided the question of the statute's constitutionality under the Commerce Clause. See id.at 351 ("[C]onsistent with our regard for the sensitive relation between federal and state criminal jurisdiction, our reading preserves as an element of all the offenses a requirement suited to federal criminal jurisdiction alone."); see also Lopez, 115 S. Ct. at 1631.

Six years later, in Scarborough v. United States, 431 U.S. 563 (1977), the Supreme Court established that proof that the possessed firearm had previously traveled in interstate commerce was sufficient to satisfy the statute's "in commerce or affecting commerce" nexus requirement.

We do not understand Lopez to undercut the Bass/Scarborough proposition that the jurisdictional element "in or affecting commerce" keeps the felon firearm law well inside the constitutional fringes of the Commerce Clause. The LopezCourt invalidated 922(q) because "by its terms [it] has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms," and because " 922(q) contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." 115 S. Ct. at 1630-31.

By contrast, Congress drafted 922(g) to include a jurisdictional element, one which requires a defendant felon to have possessed a firearm "in or affecting commerce." If anything, the Court's opinion in Lopez highlights that crucial difference, and buttresses the validity of the felon firearm statute. See Lopez, 115 S. Ct. at 1631 (contrasting 922(q)'s lack of a jurisdictional element with 1202(a)'s nexus in Bassbetween firearm possession and commerce).

In United States v. Bishop, 66 F.3d 569 (3d Cir.) cert.denied, 116 S. Ct. 681 (1995), this court upheld 18 U.S.C. 2119, the federal anti-carjacking statute, against a post-LopezCommerce Clause challenge. Noting that "section 2119 is limited to cars that have traveled in interstate or foreign commerce," we observed that "the Supreme Court's decisions in Bass and Scarborough compel the conclusion that the jurisdictional element in section 2119 provides a nexus sufficient to protect the

statute from constitutional infirmity."  Id. at 585.

We therefore join eight courts of appeals in upholding the constitutionality of   922(g)(1) as a valid exercise of the commerce power.  See United States v. Bradford, 78 F.3d 1216, 1222-23 (7th Cir. 1996); United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996); United States v. Bates, 77 F.3d 1101, 1103-04 (8th Cir. 1996); United States v. Turner, 77 F.3d 887, 889 (6th Cir. 1996); United States v. Sorrentino, 72 F.3d 294, 296-97 (2d Cir. 1995); United States v. Hinton, No. 95-5095, 1995 WL 623876, at **2 (4th Cir. Oct. 25, 1995) (unpublished), cert. denied, 116 S. Ct. 1026 (1996); United States v. Bolton, 68 F.3d 396, 400 (10th Cir.), cert. denied, 116 S. Ct. 966 (1995); United States v. Collins, 61 F.3d 1379, 1383-84 (9th Cir.), cert.denied, 116 S. Ct. 543 (1995).

Gateward also argues that the indictment charging him with violation of   922(g) contained no reference to possession of the firearm having been "in or affecting commerce."  He is mistaken.  The two-sentence indictment charges him with having "knowingly possessed in and affecting commerce, a firearm."

Gateward last contends that "there was no attempt by the Government to show that the firearm had been possessed in or affecting commerce."  Brief of Appellant at 13.  Again, he is incorrect.  The prosecution produced testimony that the firearm seized from Gateward had moved in interstate commerce, and Gateward stipulated to additional testimony establishing that fact.  Gateward has failed to show that Bass and Scarborough are inapplicable here.  We are satisfied that the government has shown the required link to commerce by both proof introduced at trial and the stipulation, which may account for Gateward's earlier failure to dispute it.  See Trial Transcript, Mar. 15, 1995, at 197 (Closing Argument). Accordingly, we find no merit in Gateward's arguments.

III.

For the reasons set forth above, we will affirm the district court's judgment of conviction.