**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4491

ANTHONY LEE GRANT,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., James A. Beaty, Jr., District Judges.
(CR-95-221)

Submitted: December 19, 1996

Decided: January 6, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Lee Grant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1996). Grant was sentenced to 219 months in prison, to be followed by five years of supervised release. He appeals, asserting that Congress exceeded its powers under the Commerce Clause in enacting § 922(g)(1). We affirm.

In 1991 Grant was convicted in a North Carolina state court of possession with intent to sell and distribute marijuana, a felony. He was charged with possessing a Raven Arms .25 caliber pistol on January 15, 1995, in Forsyth County, North Carolina. That firearm is not manufactured in North Carolina; therefore, the gun traveled in interstate commerce.

Grant bases his challenge to § 922(g)(1) on United States v. Lopez, ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260). In Lopez, the Supreme Court invalidated 18 U.S.C.A. § 922(q)(1)(A) (West Supp. 1996), which made possession of a firearm within 1000 feet of a school a federal offense. Lopez, 63 U.S.L.W. at 4343. The Court struck down the conviction in part because the statute "contains no jurisdictional element which would ensure, thorough case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 4347.

Unlike the statute at issue in Lopez, § 922(g)(1) contains the requisite jurisdictional element because it applies only to firearms having "an explicit connection with or effect on interstate commerce." Id. The courts of appeals to have considered the question have held unanimously that Congress did not exceed its power under the Commerce Clause in enacting § 922(g)(1). See, e.g. , United States v. Gateward, 84 F.3d 670, 672 (3rd Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W.

2

3265 (U.S. Oct. 7, 1996) (No. 96-5709); United States v. Turner, 77 F.3d 887, 889 (6th Cir. 1996). We also hold that§ 922(g)(1) is a proper exercise of the commerce power.

We accordingly affirm Grant's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED