**UNITED STATES of America,**

v.

**Edgardo TORRES.**

**No. CRIM. A. 00–302.**

United States District Court,
E.D. Pennsylvania.

July 13, 2001.

Virgil Walker, Asst. U.S. Atty., Philadelphia, PA, for Plaintiff.

Rossman D. Thompson, Jr., Philadelphia, PA, for Defendant.

## *MEMORANDUM*

DuBOIS, District Judge.

## I. INTRODUCTION

On August 5, 1998, defendant Edgardo Torres was arrested and charged with unlawful possession of a firearm. He was later charged federally with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).[1]

Presently before the Court is defendant's Motion to Dismiss Indictment for Lack of Federal Jurisdiction, or in the Alternative, Based on Insufficiency of Evidence (Document Number 14, filed July 9, 2001) and the United States' Response to Defendant's Motion to Dismiss for Lack of

Federal Subject Matter Jurisdiction, or in the Alternative Based on Insufficiency of the Evidence (Document Number 16, filed July 11, 2001). For the foregoing reasons, the Court will deny the Motion to Dismiss for Lack of Federal Jurisdiction. The Court will reserve judgment on the alternative motion until conclusion of the trial presently scheduled for July 16, 2001.

## II. BACKGROUND

Defendant was charged in a one count indictment as follows:

On or about August 5, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant Edgardo Torres having been previously convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm and ammunition, that is: (1) a 9mm, semi automatic pistol, model number 915, serial number TZU 1939[, i]n violation of Title 18, United States Code, Section 922(g)(1).

In his motion, defendant argues that the indictment should be dismissed because § 922(g)(1) is unconstitutional, and there is, accordingly, no federal jurisdiction. It is to this motion that the Court now turns.

## III. DISCUSSION

Defendant argues that § 922(g)(1) is unconstitutional because it fails to require that the defendant's possession of the gun substantially affected interstate commerce, and it therefore violated the Commerce Clause of the United States Constitution.

---

1. 18 U.S.C. § 922(g) provides in relevant part as follows:

It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[,] . . . to ship or transport in interstate of foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

In support of his claim, defendant makes two main arguments: (1) The felon-in-possession statute is unconstitutional on its face because the conduct it proscribes—the intrastate possession of a firearm—does not have a substantial affect upon interstate commerce and thus does not constitute a valid exercise of Congress's authority under the Commerce Clause; and (2) in the alternative, as applied to the facts of this case, § 922(g)(1) is unconstitutional because there was no evidence that defendant's possession of the gun substantially affected interstate commerce, or had any effect whatsoever on commerce, whether interstate or intrastate. The Court will address these arguments in turn.

## A. Section 922(g)(1) is Not Unconstitutional on its Face

Defendant argues that § 922(g)(1) lies beyond the authority of Congress under the Commerce Clause of the Constitution[2] and is therefore unconstitutional. He argues that while the Supreme Court has upheld the constitutionality of a felon-in-possession statute, the law has changed in the light of several recent Supreme Court Commerce Clause decisions.

In *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), and *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the Supreme Court upheld the predecessor statute to § 922(g)(1). That statute, 18 U.S.C. § 1202(a) (repealed 1986), made any felon "who receives, possesses, or transports in commerce or affecting commerce ... any firearm" guilty of a federal offense. In *Bass*, the Court read the phrase "in commerce or affecting commerce" as applying not only to "trans-

ports," but to modify "receives" and "possesses" as well. While the Court found the language to be ambiguous, it "settled on this narrower reading because 'unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance.'" *United States v. Gateward*, 84 F.3d 670, 671 (3d Cir.1996) (citing *Bass*, 404 U.S. at 349, 92 S.Ct. at 523). Thus, the Court avoided the question of the statute's constitutionality under the Commerce Clause by applying the jurisdictional element to possession and receipt of a firearm. *Id.* In *Scarborough*, the Court "established that proof that the possessed firearm had previously traveled in interstate commerce was sufficient to satisfy the statute's 'in commerce or affecting commerce' nexus requirement." *Gateward*, 84 F.3d at 671.

Despite these rulings, defendant argues that three subsequent Supreme Court decisions, *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), which concerned the boundaries of Congressional power under the Commerce Clause, cast doubt on the continuing vitality of *Bass* and *Scarborough*. All of the circuits to have addressed this question have concluded that these decisions do not cast doubt on *Bass* and *Scarborough*, and therefore have upheld the constitutionality of § 902(g)(1). *See United States v. Dorris*, 236 F.3d 582 (10th Cir.2000); *United States v. Stuckey*, 255 F.3d 528 (8th Cir. July 6, 2001) (*Lopez* and *Morrison* ); *United States v. Wesela*, 223 F.3d 656, 660 (7th Cir.2000); *cert. denied*, —— U.S. ——, 121 S.Ct. 1145, 148 L.Ed.2d 1008 (2000); *Unit-*

---

**2.** The Commerce Clause gives Congress power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8 cl. 3.

*ed States v. Boles,* 243 F.3d 541, 2001 WL 22985 (4th Cir.2001) (unpublished table opinion); *United States v. Santiago,* 238 F.3d 213, 216 (2d Cir.2001) ("neither *Morrison* nor *Jones* has altered the settled law in this Circuit concerning the applicability of § 922(g)"). *See also, United States v. Napier,* 233 F.3d 394 (6th Cir.2000) (holding § 922(g)(8) is constitutional in light of *Lopez, Morrison,* and *Jones* ); *United States v. Jones,* 231 F.3d 508 (9th Cir.2000) (same). This Court agrees.

In *Lopez,* the Supreme Court struck down 18 U.S.C. § 922(q)(1)(A), the "Gun–Free School Zone Act" which made it a federal offense "for any individual knowingly to posses a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." 514 U.S. at 551, 115 S.Ct. at 1626. The Court held that the Act exceeded the permissible boundaries of Congressional power under the Commerce Clause because "[t]he Act neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." *Id.* Lopez recognized three broad areas which Congress may regulate under the Commerce Clause: 1) channels of interstate commerce; 2) instrumentalities of interstate commerce, or persons and things in interstate commerce, even thought the threat may only come from intrastate activities; and 3) activities that substantially affect interstate commerce. 514 U.S. at 558–59, 115 S.Ct. at 1629–30.

After *Lopez* was decided, in *Gateward,* the Third Circuit upheld the constitutionality of § 922(g)(1). 84 F.3d at 672. That case reasoned that *Lopez* did not "undercut the *Bass/Scarborough* proposition that the jurisdictional element 'in or affecting commerce' keeps the felon firearm law well inside the constitutional fringes of the Commerce clause," *id.* at 671, and, because § 922(q), the "Gun–Free School Zone Act," the statute involved in *Lopez,* "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez* 514 U.S. at 561, 115 S.Ct. at 1631. In contrast, the Third Circuit found § 922(g) to include a jurisdictional element, "one which requires a defendant felon to have possessed a firearm 'in or affecting commerce.' " 84 F.3d at 672. In other words, § 922(g) falls within the second and third areas outlined by *Lopez*—activities that are in commerce, or substantially affect commerce.

In *Morrison* the Supreme Court struck down the civil remedy provision of the Violence Against Women Act, 42 U.S.C. § 13981(b), which provided a federal civil remedy for the victims of gender motivated violence, holding that it exceeded Constitutional authority to regulate interstate commerce. 529 U.S. at 617–18, 120 S.Ct. at 1754. In so holding, the Court specifically rejected the "argument that Congress may regulate non-economic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." *Id.* The Court went on to say:

> In recognizing this fact we preserve one of the few principles that has been consistent since the Clause was adopted. The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States. *See, e.g., Cohens v. Virginia,* 19 U.S. 264, 6 Wheat. 264, 426, 428, 5 L.Ed. 257 (1821) (Marshall, C.J.) (stating that Congress "has no general right to punish murder committed within any of the States," and that it is "clear ... that congress cannot punish felonies generally."). Indeed, we can think of no better example of the police power, which the

Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims.

*Id. See also, Dorris,* 236 F.3d at 585.

In *Jones,* the Supreme Court held that the federal arson statute, 18 U.S.C. § 844(i), which makes it a federal crime to destroy a building used in interstate commerce or in an activity affecting interstate commerce by means of a fire or explosives, does not reach an owner occupied private home not used for any commercial purpose. 529 U.S. at 859, 120 S.Ct. at 1912. The Court reasoned that the government's explanation for how the house was used in activities affecting commerce—it was used as collateral to obtain and secure a mortgage from an out of state bank; it was used to obtain a casualty insurance policy from an out of state insurer which safeguarded the interests of the homeowner and the mortgagee; and it was used to receive natural gas from out of state sources—was not a substantial enough connection to interstate commerce to bring the arson within the ambit of § 844(i). 529 U.S. at 855, 859, 120 S.Ct. at 1910, 1912. Otherwise, "virtually every arson in the country" would be made into a federal offense. 529 U.S. at 859, 120 S.Ct. at 1912.

■ While there is some language in *Morrison* and *Jones* which can be read to lend support to defendant's argument, this Court concludes that § 922(g)(1) is not unconstitutional on its face. It is clear that Congress has the authority to regulate that which is "ship[ped] or transport[ed] in interstate or foreign commerce." 18 U.S.C. § 922(g). Both *Lopez* and *Morrison* involved questions concerning the power of Congress to regulate activities substantially affecting interstate commerce. *Dorris,* 236 F.3d at 586. Section 922(g)(1) regulates the possession of goods moved in interstate commerce. Further,

the jurisdictional element—"in or affecting"—puts the felon-in-possession statute into a different category of analysis than the laws considered in *Lopez* and *Morrison.*

Section 922(g)(1) by its language only regulates those weapons affecting interstate commerce by being the subject of interstate trade. It addresses items sent in interstate commerce, and the channels of commerce themselves—ordering they be kept clear of firearms. Thus no analysis of the style of *Lopez* or *Morrison* is appropriate.

*Id.* Further, the statute at issue in *Morrison* regulated gender motivated violence, a non-commercial activity which does not meet any of the three jurisdictional bases enunciated in *Lopez,* whereas § 922(g)(1) regulates the possession of firearms that travel in interstate commerce and have an effect on interstate commerce. *See United States v. Jones,* 231 F.3d 508, 515 (9th Cir.2000) (upholding constitutionality of § 922(g)(8)).

*Jones* does not change this analysis. The law challenged in *Jones,* the federal arson statute, did have a jurisdictional element. The Supreme Court looked at the connection of a specific property to interstate commerce, and found no connection. However, "this decision has little impact on the assessment of whether firearms moved through interstate commerce are subject to Congressional regulation." *Dorris,* 236 F.3d at 586.

After *Lopez,* but before *Morrison* and *Jones,* the Third Circuit upheld the constitutionality of § 922(g)(1). *See Gateward,* 84 F.3d at 672. As noted above, several other circuits have done so after *Morrison* and *Jones.* Pursuant to this authority, this Court holds that § 922(g)(1) is not unconstitutional on its face.

## B. Section 922(g)(1) is Not Unconstitutional "As Applied"

Defendant's second challenge to § 922(g)(1) is an "as applied" challenge. He argues that the fact that the gun in question traveled in interstate commerce in the past is not sufficient to establish that his possession of the gun in Philadelphia, Pennsylvania was "in or affecting" interstate commerce.

The Third Circuit has upheld the constitutionality of laws which regulate objects which, at one point, have traveled in interstate commerce. In *United States v. Bishop*, 66 F.3d 569 (3d Cir.1995), *cert. denied*, 516 U.S. 1032, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995), the Third Circuit upheld 18 U.S.C. § 2119, the federal anti-carjacking statute, against a post-*Lopez* Commerce Clause challenge. Noting that "section 2119 is limited to cars that have traveled in interstate or foreign commerce," the court observed that "the Supreme Court's decisions in *Bass* and *Scarborough* compel the conclusion that the jurisdictional element in section 2119 provides a nexus sufficient to protect the statute from constitutional infirmity." *Id.* at 585, 97 S.Ct. 1963. *See also Gateward*, 84 F.3d at 672. Likewise, in *Gateward*, the Third Circuit noted that "the Supreme Court established that proof that the possessed firearm had previously traveled in interstate commerce was sufficient to satisfy the statute's 'in commerce or affecting commerce' nexus requirement." *Gateward*, 84 F.3d at 671 (quoting *Scarborough*). *See also, United States v. Singletary*, 2000 WL 962993, *1 (E.D.Pa. July 5, 2000) (Weiner, J.) (holding that, at trial, the government must be given an opportunity to establish "that the firearm possessed by the previously convicted felon moved in interstate commerce or was possessed by him in or affecting commerce"). Other circuits are in agreement with this result. *See United States v.*

*Rousseau*, —— F.3d ——, 2001 WL 765180, *6 (9th Cir.2001) (9th Cir. July 3, 2001) (evidence that two firearms seized in Oregon were manufactured elsewhere enough to sustain § 922(g)(1) conviction); *United States v. Santiago*, 238 F.3d 213, 214–15 (2d Cir.2001) (holding it was not plain error to convict a person under § 922(g)(1) on evidence that a firearm manufactured in Italy was possessed by a previously convicted felon in New York); *United States v. Napier*, 233 F.3d 394, 401 (6th Cir.2000) ("Nothing in *Jones* suggests that the Supreme Court is backing off its opinion that § 1202(a), the predecessor of § 922(g)(1), required only 'the minimal nexus that the firearm have been, at some time, in interstate commerce.'" (quoting *Scarborough*, 431 U.S. at 575, 97 S.Ct. 1963))

■ In this case, the government has charged that the gun possessed by defendant had, at one point, moved in interstate commerce. Under existing precedent, this is sufficient to satisfy the nexus requirement, and therefore, the statute is not unconstitutional as applied. *See Gateward*, 84 F.3d at 672 (upholding a § 922(g)(1) conviction on the grounds that the prosecution had established that the firearm "had moved in interstate commerce"); *cf. United States v. Coward*, 2001 WL 360110, *10 (E.D.Pa. Apr. 3, 2001) (Dalzell, J.). At the very least, as the Supreme Court cautioned, "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526 (1989). Therefore, this Court holds that § 922(g)(1) is not unconstitutional as applied to defendant.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Indictment for Lack of Federal Jurisdiction will be denied as the Court finds that 18 U.S.C. § 922(g)(1) is not unconstitutional on its face, or as applied. An appropriate order follows.

### ORDER

AND NOW, this 13th day of July, 2001, upon consideration of defendant's Motion to Dismiss Indictment for Lack of Federal Jurisdiction, or in the Alternative, Based on Insufficiency of Evidence (Document Number 14, filed July 9, 2001), and the United States' Response to Defendant's Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction, or in the Alternative Based on Insufficiency of the Evidence (Document Number 16, filed July 11, 2001), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that defendant's Motion to Dismiss Indictment for Lack of Federal Jurisdiction is **DENIED**. Judgment on the alternative Motion to Dismiss Based on Insufficiency of Evidence is reserved until conclusion of the trial.