

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2002

# USA v. Blair

Precedential or Non-Precedential:

Docket 1-2297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Blair" (2002). *2002 Decisions.* Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2297
_____


UNITED STATES OF AMERICA

vs.

GROVER BLAIR,

Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Criminal No. 00-cr-00576)
District Judge:  The Honorable Mary Little Cooper

_____


Submitted Under Third Circuit LAR 34.1(a)
January 22, 2002

BEFORE: NYGAARD and STAPLETON,  Circuit Judges,
and CAPUTO, District Judge.



(Filed   January 30, 2002)

_____

MEMORANDUM OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.
        Appellant, Grover Blair, pleaded guilty to being a convicted felon in
possession of a firearm that was "in or affecting commerce," in violation
of 18 U.S.C.

922 (g)(1). He was sentenced to 84 months in prison, with the recommendation to the Bureau of Prisons that he receive credit for time served. He was also sentenced to three years of supervised release, a fine of $500.00, and a special assessment of $100.00. The judgment was later amended to include a recommendation to the Bureau of Prisons that credit for time served extend back to Blair's initial appearance in federal court, or September 22, 2000. Blair appeals, raising the four issues listed in Section I below. We will affirm.

## I. ISSUES

1. Did the District Court err by finding that Blair's previous conviction for a violation of N.J.S.A. 2C:35-6, Employment of a Juvenile in Drug Distribution, was a controlled substance offense for purposes of U.S.S.G. 4B1.2(b), thereby enhancing his base offense level by four levels?

2. Did the District Court err by finding that two of Blair's prior state convictions were not part of a single scheme or plan, due to the fact that there was an "intervening arrest," even though Blair's first offense had not been adjudicated prior to his second arrest?

3. Did the District Court err when it found that it did not have the authority to give Blair custodial credit back to his original sentencing date?

4. Did the District Court err by not sua sponte dismissing the indictment for lack of any commercial or transactional aspects to Blair's possession of a firearm?

## II. DISCUSSION

Appellant first argues that the District Court erred by finding that one of his prior convictions, "employment of a juvenile in a drug distribution," was a controlled substance offense as defined under U.S.S.G. 4B1.2(b). We reject that argument. First, appellant stipulated in his plea agreement to that fact. Moreover, the evidence of record and the state court documents fully support the District Court's finding that the appellant employed a juvenile to distribute cocaine.

Secondly, appellant's claim that his two prior drug trafficking offenses were "related" under U.S.S.G. 4A1.2(a)(2) is also meritless. The simple response to his

argument is that those sentences arose from offenses that were separated by an
intervening arrest.  (See Application Note 3 of  4A1.2)

Appellant's third contention on appeal is the District Court erred by
concluding it did not have the authority to order the Bureau of Prisons to grant him credit
from the date of his initial appearance.  The date on which a defendant's sentence is
deemed to commence is controlled by 18 U.S.C.   3585(a), and the decision is
committed, in the first instance, to the exclusive authority of the Bureau of Prisons.  The
District Court was correct.  It simply did not have the authority to effectively "back date"
a sentence to commence on the date his sentencing was arguably scheduled.  That would
effectively give him credit for presentence custody.

Finally, the appellant argues that the District Court erred by not sua sponte
dismissing the indictment for lack of any commercial or transactional aspects to Blair's
possession of a firearm.  Inasmuch as this issue was not raised before the District Court,
to prevail on appeal, he must show that it was plain error.  We conclude that it is not.
Appellant's argument is essentially that  922 was beyond Congress's powers under
Article I, Section 8, of the United States Constitution.  This argument has no merit.  See
United States v. Singletary, 268 F.3d 196 (3d Cir. 2001); United States v. Gateward, 84
F.3d 670 (3d Cir. 1996); United States v. Rybar, 103 F.3d 273 (3d Cir. 1996).

## III.  CONCLUSION

In summary and for all the reasons explained above, we will affirm the
judgment of the District Court.

_____


TO THE CLERK:

Please file the foregoing opinion.



/s/ Richard L. Nygaard
Circuit Judge