**UNITED STATES of America,**

v.

**Frederick B. WILLIAMS, Appellant.**

No. 01–2378.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) March 7, 2002.

Filed March 15, 2002.

Before BECKER, Chief Judge, ALITO and RENDELL, Circuit Judges.

OPINION

BECKER, Chief Judge.

Frederick B. Williams appeals from his conviction, following a negotiated plea agreement, to one count of possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The gravamen of his appeal is that the statute is unconstitutional because the conduct it proscribes the intrastate possession of a firearm does not have a substantial effect upon interstate commerce and thus does not constitute a valid exercise of Congress' power under the Commerce Clause. While acknowledging that we upheld the constitutionality of § 922(g)(1) in *United States v. Gateward,* 84 F.3d 670 (3d Cir.), *cert. denied,* 519 U.S. 907, 117 S.Ct. 268, 136 L.Ed.2d 192 (1996), Williams argues that at the time of Gateward, it was still unclear in this Circuit whether Lopez was a "limited holding," or if it was instead a "watershed" opinion signaling a fundamental shift in the Supreme Court's Commerce Clause jurisprudence. He further argues that the Supreme Court's two recent opinions in *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), make clear that Lopez was no aberration and that Congress' Commerce Clause power is significantly more limited than had previously been thought, and in light of these two new decisions, "it becomes even more clear that 18 U.S.C. § 922(g)(1) is unconstitutional as it exceeds

Congress' authority under the Commerce Clause."

Unfortunately for Mr. Williams this issue has now been conclusively resolved by our opinion in *United States v. Singletary*, 268 F.3d 196 (3d Cir.2001). In Singletary, we considered the precise constitutional challenge to that statute raised by Williams here, and concluded that Congress did not exceed its power to regulate interstate commerce when it enacted § 922(g)(1). Singletary thus reaffirmed our prior decision in *United States v. Gateward*, 84 F.3d 670 (3d Cir.1996), and held that post-Gateward decisions of the Supreme Court in *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), did not overrule Gateward sub silentio. The judgment of the District Court will be affirmed.