

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2004

# USA v. Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3674

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Davis" (2004). *2004 Decisions*. Paper 990.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/990

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3674

UNITED STATES OF AMERICA

v.

ERIC DAVIS,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 01-CR-00076)
District Court: Hon. William H. Yohn, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 18, 2003

Before: ROTH and McKEE, Circuit Judges,
and CUDAHY, Senior Circuit Judge.[*]

(February 23, 2004)

OPINION

McKEE, Circuit Judge.

Eric Davis appeals from the district court's judgment of conviction and sentence.

Because we find that Davis' ineffective assistance of counsel claim is best raised in a

collateral action, rather than on direct review, we will affirm the conviction and sentence

---

[*] Honorable Richard D. Cudahy, U.S. Court of Appeals for the Seventh Circuit, sitting
by designation.

without prejudice to Davis' right to raise it in a 28 U.S.C. § 2255 petition.

## I.

Since we write only for the parties, it is not necessary to recite the facts of this case. For our purposes, it is sufficient to note that on February 14, 2001, Davis was indicted for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count One); carrying a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Two); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). The government also issued Notices of Forfeiture pursuant to 21 U.S.C. §§ 853(a)(2) and 2461(c) and 18 U.S.C. § 924(d).

On August 20, 2001, Davis pled guilty to all three counts of the indictment. During the guilty plea colloquy, the government set forth the essential elements of each count as well as the factual basis for Davis' guilty plea. Davis agreed with the government's statement of the facts and did not object to the Presentencing Investigation Report. Davis faced an effective sentencing guideline range of 188-235 months for Counts One and Three, plus an additional 60 months to run consecutively for Count Two, for a total of 248-295 months imprisonment. However, the district court granted Davis' motion for a downward departure under the career offender guidelines.[1] On September

---

[1] The court denied Davis' motion for downward departures based on extraordinary acceptance of responsibility and family and community ties.

12, 2002, Davis was sentenced to 63 months on Counts One and Three to run concurrently with each other and 60 months on Count Two to run consecutively to Counts One and Three; 6 years of supervised release; a $500.00 fine; and a $300.00 special assessment. Thereafter, Davis filed a timely notice of appeal.

**II.**

Davis' appointed appellate counsel has filed an *Anders* brief stating that he is unable to identify any non-frivolous issue for review. An appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of" the case, must so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's request must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* The brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000), "explain to the court why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and show that counsel "thoroughly scoured the record in search of appealable issues." *Id.* at 780; *see also United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

Defense counsel's *Anders* brief identifies the following arguably non-frivolous issues: (1) the district court's jurisdiction to accept Davis's guilty plea; (2) constitutionality of the criminal statutes he was convicted under; and (3) the validity of the guilty plea. After considering each of these issues, counsel concluded that any claim

3

of error would be frivolous.  We agree.  The district court had jurisdiction pursuant to 18 U.S.C. § 3231, the criminal statutes at issue appear to be constitutional,[2] and Davis' guilty plea clearly met the standards of *Boykin v. Alabama*, 395 U.S. 238 (1969) and Rule 11 of the Federal Rules of Criminal Procedure.

As required by *Anders*, Davis' appellate counsel provided a copy of his brief to Davis, who was given time to raise any non-frivolous arguments in a *pro se* brief.  386 U.S. at 744.  In his response brief, Davis raises the aforementioned ineffective assistance claim with respect to his trial counsel.  Specifically, Davis contends that trial counsel told him to withhold information from the government, which resulted in the government's decision not to submit a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 and factored into the sentencing judge's decision to deny his motion for a downward departure for extraordinary acceptance of responsibility.  In addition, Davis contends that counsel prevented him from speaking freely at his sentencing hearing.

However, Davis' ineffective assistance claim is premature.  Absent extraordinary circumstances, it is our strong preference to review allegations of ineffective counsel in collateral proceedings under § 2255 rather than on direct appeal.  *United States v. Sandini*, 888 F.2d 300, 312 (3d Cir. 1988).  Frequently such claims require evidence in

---

[2] We have specifically upheld the constitutionality of § 922(g)(1).  *See United States v. Gateward*, 84 F.3d 670 (3d Cir. 1996).  We can not determine anything about the other two statutes at issue that would raise constitutional concerns. We do not suggest that future constitutional challenges are foreclosed.

addition to the trial record. *Id.*; *see also Massaro v. United States*, – U.S. –, 123 S.Ct. 1690, 1694 (2003). This reasoning applies with equal force here. We cannot properly evaluate the veracity of Davis' factual allegations because they are based solely on attorney-client communications which are not contained in the record. Moreover, even assuming Davis' can establish his factual claims, the record is insufficient to allow us to determine whether counsel's actions were unreasonable and, if so, whether Davis was prejudiced. *Strickland v. Washington*, 466 U.S. 668 (1984).

## III.

For the reasons stated above, we will affirm the judgment of conviction and sentence without prejudice to Davis' right to raise an ineffective assistance of counsel claim in a § 2255 petition.