

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2004

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1859

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Johnson" (2004). *2004 Decisions.* Paper 334.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/334

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1859

UNITED STATES OF AMERICA

v.

ERIC JOHNSON,
a/k/a DERRICK JOHNSON,
a/k/a JASON WILLIAMS

Eric Johnson, Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00436
(Honorable William H. Yohn, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2004

Before: SCIRICA, *Chief Judge*, ALITO and AMBRO, *Circuit Judges*

(Filed September 23, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge.*

A jury found defendant Eric Johnson guilty of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One); possession of and carrying a firearm in connection with the Count One drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). He was sentenced to 164 months in prison, five years supervised release, a fine of $1,000, and a special assessment of $300.

In this appeal,[1] Johnson challenges only his conviction on Count Three, contending the felon-in-possession statute is an invalid exercise of the Commerce Clause. Johnson acknowledges we have already ruled that this statutory provision passes constitutional muster. *See United States v. Singletary,* 268 F.3d 196, 197 (3d Cir. 2001); *United States v. Gateward,* 84 F.3d 670, 671-72 (3d Cir. 1996). Johnson wishes, however, to preserve the issue should this Court *en banc* or the Supreme Court reverse the *Singletary* decision. Because we are bound by *Singletary*, we will reject Johnson's challenge.

We will affirm the judgment of conviction and sentence.

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291.