**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1516
_____

UNITED STATES OF AMERICA

v.

JOSHUA CALIBE LOWRY,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cr-00020-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 8, 2025

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: July 11, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

In this appeal, Appellant Joshua Lowry raises two challenges to his conviction for possessing a gun as a felon in violation of 18 U.S.C. § 922(g)(1), both of which he acknowledges are foreclosed by our precedent. Because that precedent controls, we will affirm.[1]

First, despite his many prior felony convictions and the fact that he was still on probation for a drug-trafficking offense when found in possession of the firearms in this case, Lowry raises a Second Amendment challenge, arguing that our Nation's historical tradition of firearm regulation does not support the application of § 922(g)(1) to him. But his Second Amendment challenge fails because "§ 922(g)(1) is constitutional as applied to convicts on . . . probation." *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025).

Lowry concedes that his as-applied challenge is foreclosed by *Quailes* and expresses his view that it was wrongly decided. But until the Supreme Court or our Court sitting en banc hold otherwise, *Quailes* controls. *See* 3d Cir. I.O.P. 9.1.

Second, he asserts that § 922(g)(1) "exceeds Congress' powers under the Commerce Clause," because, in his view, the regulation does not "substantially affect[] interstate commerce." Opening Br. 18 (quoting *United States v. Lopez*, 514 U.S. 549, 559 (1995)). Again, however, and as Lowry admits, we have repeatedly said the opposite and held that § 922(g)(1) is valid under the Commerce Clause. *See, e.g.*, *United States v.*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Because Lowry raised neither of his arguments before the District Court, we review for plain error. *United States v. Dorsey*, 105 F.4th 526, 528 (3d Cir. 2024).

*Singletary*, 268 F.3d 196, 204–05 (3d Cir. 2001); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996).

In short, whatever future challenges Lowry may wish to preserve by raising these two claims in this Court, they fail under controlling circuit precedent. We therefore will affirm.