**UNITED STATES of America,**
**Appellee,**

v.

**Jason SANTIAGO, Defendant–**
**Appellant.**

**Docket No. 00–1174.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 9, 2000.

Decided Jan. 19, 2001.

---

Edward S. Zas, The Legal Aid Society Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Christopher J. Clark, Assistant United States Attorney, Southern District of New York (Mary Jo White, United States Attorney, and Bart G. Van De Weghe, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Before: STRAUB and SOTOMAYOR, Circuit Judges, and AMON, District Judge.*

PER CURIAM.

Defendant Jason Santiago appeals from a final judgment of conviction entered on

November 19, 1999, in the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*). Following a jury trial, Santiago was found guilty of one count of possession of a firearm by a convicted felon, in violation of the felon-in-possession statute, 18 U.S.C. § 922(g)(1). Santiago challenges his conviction on three grounds. We reject the two other issues raised by Santiago on appeal in a separate summary order also filed today. In this opinion, we consider Santiago's contention that the felon-in-possession statute is unconstitutional as applied here because it exceeds Congress's authority under the Commerce Clause. We rejected this argument in *United States v. Sorrentino*, 72 F.3d 294, 296 (2d Cir.1995), noting that since § 922(g) requires a legitimate nexus with interstate commerce, the statute avoids the constitutional deficiencies identified in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and its progeny. Santiago, however, maintains that two recent Supreme Court decisions compel a different conclusion. For the reasons that follow, we disagree and therefore affirm Santiago's conviction.

## BACKGROUND

We recount only the facts that bear upon the issue addressed in this opinion. On July 21, 1999, Sergeant Michael Hopper and Officer Jose Soto of the New York City Police Department arrested Santiago in the area of Fordham Road and Webster Avenue in the Bronx, after observing him chase after and shoot at a group of young men with whom he apparently had been fighting. Both officers had been following Santiago as he chased after the group. At one point, upon becoming aware of the presence of the police officers, Santiago stopped chasing the men and turned towards the corner of Fordham Road and Webster Avenue, where the officers ob-

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

served him toss the gun that he had been carrying into a sewer. The officers proceeded to stop Santiago and, after arresting him, retrieved the gun from the sewer.

The government charged Santiago with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At trial, the government and Santiago stipulated that the gun admitted into evidence was a .25 caliber semi-automatic pistol manufactured in Italy. The parties also stipulated that prior to July 21, 1999, Santiago already had been convicted of a felony punishable by imprisonment for a term of more than one year. After a short trial, the jury returned with a guilty verdict. The District Court sentenced Santiago to 68 months' imprisonment, three years' supervised release, and a $100 special assessment.

## DISCUSSION

Santiago contends that the felon-in-possession statute cannot constitutionally be applied to the conduct for which he was convicted.[1] As he acknowledges, we already upheld § 922(g) against Commerce Clause challenge shortly after the Supreme Court's decision in *Lopez*. *See Sorrentino*, 72 F.3d at 296 (holding that because § 922(g) requires a felon to possess a firearm "in or affecting commerce," it contains "a legitimate nexus with interstate commerce" and thus "avoids the constitutional deficiency identified in *Lopez*"); *see also United States v. Hernandez* 85 F.3d 1023, 1030–31 (2d Cir.1996) (applying *Sorrentino*). Santiago argues, however, that the Supreme Court's recent decisions in *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), have altered the settled law in this Circuit con-

cerning the permissible scope of § 922(g) under the Constitution.

Santiago did not advance his challenge to § 922(g) before the District Court. Nevertheless, he urges us to review his conviction for plain error pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 52(b); *see United States v. Olano*, 507 U.S. 725, 731–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Viola*, 35 F.3d 37, 42 (2d Cir.1994), *cert. denied*, 513 U.S. 1198, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995). Rule 52(b) places three limits on appellate authority to notice errors not preserved at trial:

> First, there must be "error," or deviation from a legal rule which has not been waived. Second, the error must be "plain," which at minimum means "clear under current law." Third, the plain error must ... "affect[ ] substantial rights," which normally requires a showing of prejudice.

*United States v. Yu–Leung*, 51 F.3d 1116, 1121 (2d Cir.1995) (quoting *Viola*, 35 F.3d at 41). Once the reviewing court is satisfied that the forfeited error is "plain" and "affect[s] substantial rights," the court has the authority to correct that error "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736, 113 S.Ct. 1770 (internal quotation marks and alterations omitted). When the source of the alleged error is a supervening judicial decision that alters "a settled rule of law in the circuit," as Santiago alleges, we apply a "modified plain error rule" in which the government bears the burden of persuasion as to whether substantial rights have been affected. *Viola*, 35 F.3d at 42.

---

1. In relevant part, 18 U.S.C. § 922(g) makes it unlawful for any person who has been convicted in any court of a felony

    to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which

    has been shipped or transported in interstate or foreign commerce.

    18 U.S.C. § 922(g) (2000). This jurisdictional language in § 922(g) applies to each of that provision's nine subsections, including the felon-in-possession provision set forth in 18 U.S.C. § 922(g)(1).

▮▮ Contrary to Santiago's assertion, however, neither *Morrison* nor *Jones* has altered the settled law in this Circuit concerning the applicability of § 922(g) to the conduct for which he was convicted. First, *Morrison* does not alter the principles under the Commerce Clause that led us to uphold § 922(g) in *Sorrentino*. Under the framework set forth by the Supreme Court in *Lopez,* Congress permissibly may regulate three broad categories of activity pursuant to its authority under the Commerce Clause. First, Congress may directly regulate the use of the channels of commerce. *See Lopez,* 514 U.S. at 558, 115 S.Ct. 1624. Second, Congress may "regulate and protect the instrumentalities of commerce, or persons and things in interstate commerce, even though the threat may come only from intrastate activities." *Id.* Third, Congress may regulate "those activities having a substantial relation to interstate commerce, ... *i.e.,* those activities that substantially affect interstate commerce." *Id.* at 558–59, 115 S.Ct. 1624.

In *Morrison,* the Supreme Court held that the civil remedy provision of the Violence Against Women Act, 42 U.S.C. § 13981, unconstitutionally exceeded Congress's authority under the Commerce Clause. *See Morrison,* 120 S.Ct. at 1754. In reaching this conclusion, the Supreme Court explicitly endorsed its analysis in *Lopez,* noting that

[l]ike the Gun–Free School Zone Act in *Lopez,* § 13981 contains no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce.... [S]uch a jurisdictional element would lend support to the argument that § 13981 is sufficiently tied to interstate commerce.

*Id.* at 1751–52. Unlike the statutes at issue in either *Lopez* or *Morrison,* § 922(g) includes an express jurisdictional element requiring the government to provide evidence in each prosecution of a sufficient nexus between the charged offense and interstate or foreign commerce. By including this express jurisdictional element, Congress effectively "limit[ed] [the statute's] reach to a discrete set of firearm possessions that have an explicit connection with or effect on interstate commerce." *Morrison,* 120 S.Ct. at 1751 (quoting *Lopez,* 514 U.S. at 562). We relied upon the presence of that jurisdictional element to uphold § 922(g) after *Lopez, see Sorrentino,* 72 F.3d at 296, and *Morrison* does not require us to reach a different conclusion in this case.

Second, Santiago's reliance on *Jones* in support of his constitutional argument is misplaced. In *Jones,* the Supreme Court merely concluded that the federal arson statute, 18 U.S.C. § 844(i), did not reach arson of an owner-occupied residence, since such property could not be said to have been "used in ... any activity affecting commerce" as required by the statute. *Jones,* 120 S.Ct. at 1912. In construing the arson statute in this fashion, the Court thereby avoided the constitutional question that would have arisen under *Lopez* had it ·read § 844(i) to cover such "traditionally local criminal conduct." *Id.* That purely statutory holding, however, does not support the constitutional argument advanced by Santiago in this case. To the extent that Santiago argues that in order to pass constitutional muster under *Lopez, Jones* requires that the jurisdictional element in the felon-in-possession statute be interpreted only to cover gun possession that has a "substantial nexus to interstate commerce," Br. for Appellant at 23, that argument fails. As we indirectly noted in *Sorrentino,* pre-*Lopez* case law makes clear that § 922(g) only requires a "minimal nexus" between possession of a firearm by a convicted felon and interstate commerce. *Sorrentino,* 72 F.3d at 296; *see Scarborough v. United States,* 431 U.S. 563, 575–77, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977) (interpreting predecessor to § 922(g)(1)); *cf. United States v. Carter,* 981 F.2d 645, 647 (2d Cir.1992) (rejecting vagueness challenge to § 922(g) and indicating that a firearm "need only to have travelled previ-

ously in interstate commerce" in order to fall within the statute's jurisdictional element). We accepted that settled interpretation of the felon-in-possession statute when we affirmed the statute against Commerce Clause challenge in *Sorrentino*, 72 F.3d at 296–97.

Since *Jones* involved the interpretation of a different criminal statute altogether, 18 U.S.C. § 844(i), it certainly did not fashion any new rule altering the extent of the nexus to interstate commerce required by the jurisdictional element of 18 U.S.C. § 922(g). And having already concluded in *Sorrentino* that § 922(g) is constitutional, there is no need for us now to reinterpret that provision on the basis hinted at by Santiago—for unlike in *Jones*, there is no constitutional question to be avoided by means of statutory interpretation. By no means can it be said, therefore, that the District Court's application of § 922(g) to Santiago's conduct relied upon an error that is "clear under current law," *Yu–Leung*, 51 F.3d at 1121, even in light of the Supreme Court's decision in *Jones*.

### CONCLUSION

Neither *Morrison* nor *Jones* requires us to revisit our holding in *Sorrentino*. We therefore reiterate that § 922(g), as interpreted prior to *Lopez*, is properly within Congress's authority under the Commerce Clause. In doing so we arrive at the same conclusion as every other court to consider the constitutionality of § 922(g) after *Morrison* and *Jones*. *See United States v. Dorris*, No. 99–6429, 2000 WL 1869462, *2–*4, 236 F.3d 582 (10th Cir. 2000); *United States v. Napier*, 233 F.3d 394, 399–402 (6th Cir.2000); *United States v. Jones*, 231 F.3d 508, 514–15 (9th Cir.2000); *United States v. Wesela*, 223 F.3d 656, 659–60 (7th Cir.2000); *United States v. Quintana*, No. 00 CR. 842(MBM), 2000 WL 1855130, *1–*4 & n. 1 (S.D.N.Y. Dec. 19, 2000); *United States v. Visnich*, 109 F.Supp.2d 757, 759–62 (N.D.Ohio 2000); *United States v. Bunnell*, 106 F.Supp.2d 60 (D.Me.2000); *Unit-*

*ed States v. Singletary*, No. CR.00–199, 2000 WL 962993, *1 (E.D.Pa. July 5, 2000).

For the foregoing reasons, we AFFIRM the judgment of conviction.