**UNITED STATES of America,**
**Appellee,**

v.

**David HOWARD, Defendant–Appellant.**

**No. 00–1782.**

United States Court of Appeals,
Second Circuit.

Nov. 16, 2001.

Charles Hochbaum, Hochbaum & Weiss, Garden City, NY, for appellant.

Greg D. Andres, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for appellee.

Present CARDAMONE, McLAUGHLIN, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant–Appellant David Howard appeals from a conviction for violation of the "Felon in Possession" statutes, 18 U.S.C. §§ 922(g) and 924(e), in the United States District Court for the Eastern District of New York, Frederic Block, Judge.

The district court denied Howard's motion to suppress the weapon he tossed while fleeing police. The court also denied Howard's motion for a hearing on justification and excluded evidence, including testimony, in support of that defense.

■■■ This Court reviews de novo the legal conclusions underlying a district court's denial of a motion to suppress. *See United States v. Bold,* 19 F.3d 99, 102 (2d Cir.1994). We find that under *California v. Hodari D.,* Howard was not seized when he fled from the officers approaching him. *Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). As the evidence that Howard tossed during the chase was not the product of a search and seizure, no demonstration of reasonable suspicion was necessary to defeat defendant's motion to suppress. *Id.* Howard's reliance on *Florida v. J.L.,* requiring more than an informant's allegation of weapon possession to provide the reasonable suspicion necessary for a search and seizure, is thus misplaced. *See* 529 U.S. 266, 272–73, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000).

■■■ We further find that the district court did not err by denying Howard's motion for a hearing on the justification defense. This Court approves the use of a pre-trial evaluation of defenses as a matter of judicial economy. *See United States v. Paul,* 110 F.3d 869, 871 (2d Cir.1997);

*United States v. Villegas,* 899 F.2d 1324, 1343 (2d Cir.1990); *United States v. Alicea,* 837 F.2d 103, 107 (2d Cir.1988). While it has approved the use of pre-trial hearings in the course of such evaluations, *see United States v. Bakhtiari,* 913 F.2d 1053, 1057 (2d Cir.1990), it does not require separate hearings when the pertinent evidence is otherwise before the court. *See* FED.R.CRIM.P. 12(b) (allowing pre-trial consideration of motions and noting, in the 1944 committee notes following, that the evaluation may be made "in such a manner as the court deems appropriate"). We find, in this case, that the district court made an informed evaluation of Howard's proposed justification defense after reviewing the evidence at the suppression hearings. The court did not err by refusing to hold a hearing on justification alone. We further find that the court properly excluded only evidence pertaining to justification. *See* FED.R.EVID. 401, 402. In addition, the defendant was *not* entitled to present evidence concerning his belief that his actions were justified. Defendant's knowledge of the unlawful nature of his acts is not an element of a § 922(g) offense. *See United States v. Allah,* 130 F.3d 33, 39 (2d Cir. 1997) ("In order to prove that a defendant 'knowingly' engaged in prohibited conduct, the government need only show that he knew he was engaging in that conduct, not that he knew his conduct was unlawful."); *United States v. Sherbondy,* 865 F.2d 996, 1001–03 (9th Cir.1988) (reading the "knowingly" mens rea standard of § 924(a) into § 924(e)).

Finally, we find that 18 U.S.C. § 922(g) and its supporting provision § 924(e) are constitutional. *See United States v. Santiago,* 238 F.3d 213, 216 (2d Cir.2001); *United States v. Feliciano,* 223 F.3d 102, 117–19 (2d Cir.2000); *United States v. Hernandez,* 85 F.3d 1023, 1031 (2d Cir.1996); *United States v. Sorrentino,* 72 F.3d 294, 296 (2d Cir.1995).

For the reasons set forth above, the judgment of the district court is AFFIRMED.