Michael HAWKINS, Petitioner–Appellant,

v.

John NASH, Respondent–Appellee.

No. 02–2397.

United States Court of Appeals, Second Circuit.

Jan. 24, 2003.

Michael Hawkins, Ray Brook, NY, for Appellant, pro se.

Elizabeth S. Riker, Assistant United States Attorney, Northern District of New York, Syracuse, N.Y. for Appellee.

PRESENT: KEARSE, B.D. PARKER, Jr., Circuit Judges, and RAKOFF, District Judge.*

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on

---

the 24th day of January, two thousand and three.

Petitioner–Appellant Michael Hawkins appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) dismissing his 28 U.S.C. § 2241 petition.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AF-FIRMED.

In 1995, Hawkins was convicted following a plea of guilty in the United States District Court for the District of Massachusetts of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) and sentenced to 180 months' imprisonment and five years' supervised release. The United States Court of Appeals for the First Circuit affirmed Hawkins's conviction, and the Supreme Court denied his petition for certiorari.

In 1999, Hawkins filed in the District of Massachusetts a petition pursuant to 28 U.S.C. § 2255, which was denied. Later, Hawkins filed a petition under 28 U.S.C. § 2241 in the Northern District of New York, which that court transferred to the First Circuit. The First Circuit treated Hawkins's petition as an application for authorization to file a second or successive § 2255 petition, and the court denied the application. Hawkins then filed in the Northern District of New York a second petition pursuant to 28 U.S.C. § 2241, which the District Court treated as a § 2255 petition and transferred to the sentencing court, the District of Massachusetts, which denied Hawkins's petition as an uncertified successive § 2255 petition.

On March 15, 2001, Hawkins filed a third § 2241 petition in the Northern District of New York, the petition at issue in this appeal. In this petition, Hawkins argued that the Supreme Court's decisions in *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), established that he is actually innocent, as there was no evidence showing that the firearm he possessed had been "in commerce." Adopting a Report and Recommendation of United States Magistrate Judge David R. Homer, the District Court granted the respondent's motion to dismiss Hawkins's habeas petition and denied the petition. Hawkins appealed.

We have seen nothing in the record to indicate that Hawkins's plea of guilty was entered conditionally; therefore, he waived his right to review of any nonjurisdictional contentions, either on direct appeal or by collateral attack. *See Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987). To the extent that Hawkins would seek to characterize his invocation of the new Supreme Court cases as a jurisdictional argument, this argument is without merit.

We have held that "neither *Morrison* nor *Jones* requires us to revisit our prior holding that only a minimal nexus with interstate commerce is necessary under § 922(g)." *United States v. Gaines,* 295 F.3d 293, 302 (2d Cir.2002) (citing *United States v. Santiago,* 238 F.3d 213, 216–17 (2d Cir.2001) (*per curiam* )). To the extent that Hawkins asserts that the wording of the indictment (alleging that Hawkins possessed firearms and ammunition "in and affecting commerce") required the Government to establish both that he possessed firearms and ammunition "in commerce" and that he possessed firearms and ammunition "affecting commerce," his claim fails. *See* 18 U.S.C. § 922(g), (g)(1) ("It shall be unlawful for any person who has been convicted in any court of, a crime punisha-

ble by imprisonment for a term exceeding one year ... to ... possess in *or* affecting commerce, any firearm or ammunition ...") (emphasis added); *United States v. Canady,* 126 F.3d 352, 357 n. 2 (2d Cir. 1997) (holding that "indictments worded in the conjunctive, charging violations of statutes that are worded in the disjunctive, can be supported by proof of either of the means of violating the act") (citations and internal quotation marks omitted).

We have considered the appellant's other contentions and find them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby affirmed.