**UNITED STATES of America,**
**Appellee,**

v.

**Emilio RAMOS Defendant–Appellant.**

**No. 03–1515.**

United States Court of Appeals,
Second Circuit.

Oct. 8, 2004.

Howard M. Simms, New York, New York, for Appellant.

David C. James, Assistant United States Attorney (Eric R. Komitee, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, for Appellee, of counsel.

PRESENT: MINER, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant appeals from a judgment convicting him, after a jury trial, of knowingly and intentionally possessing a firearm, in and affecting commerce, after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

Defendant argues that the firearm in question should have been suppressed as evidence because it was the product of an illegal detention and search under the Fourth Amendment. Following a motion to suppress, the District Court held a suppression hearing and denied the motion, finding that the totality of the observations of the police detective gave rise to a reasonable suspicion that defendant was engaged in illegal activity.

"When examining a ruling on a motion to suppress, 'we review the district court's factual findings for clear error and its conclusions of law de novo,' viewing the evidence 'in the light most favorable to the prevailing party.'" *United States v. Awadallah,* 349 F.3d 42, 71 (2d Cir.2003) (quoting *United States v. Harrell,* 268 F.3d 141, 145 (2d Cir.2001)).

In his testimony at the suppression hearing, Detective Johnson testified to facts sufficient to raise a reasonable articulable suspicion that criminal activity was afoot. The District Court found this evidence credible and we find nothing in the record to suggest that the Court's findings were clearly erroneous. *See* Fed. R.Crim.P. 52(a). We therefore affirm the ruling of the District Court, primarily for the reasons stated by the District Court in its oral ruling denying the motion to suppress.

Defendant's argument that 18 U.S.C. § 922(g)(1) is unconstitutional in light of *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *United States v. Morrison,* 529 U.S. 598, 120 S.Ct.

1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), has already been considered and rejected by this Court in *United States v. Santiago,* 238 F.3d 213 (2d Cir.2001). We see no reason to reconsider that holding here.

We have considered all of defendant's claims on appeal and found them to be without merit. We hereby AFFIRM the judgment of the District Court.