**UNITED STATES of America,**
**Appellee,**

v.

**Veronica BOWES, Defendant–**
**Appellant.**

**No. 03–1769.**

United States Court of Appeals,
Second Circuit.

Dec. 1, 2004.

**504**

Colleen P. Cassidy, The Legal Aid Society, New York, NY, for Appellant.

Jonathan S. Kolodner, Assistant United States Attorney, Southern District of New York (David N. Kelley, United States Attorney, and Miriam H. Baer, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, FEINBERG, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Veronica Bowes appeals the judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) entered on December 15, 2003, convicting her, after a jury trial, of (1) committing bank fraud in violation of 18 U.S.C. § 1344 and (2) conspiring to commit bank embezzlement and bank fraud in violation of 18 U.S.C. § 371. The district court sentenced Bowes to 63 months' imprisonment followed by 3 years' supervised release and ordered her to pay close to $4.4 million in restitution, for which her coconspirators are jointly and severally liable, plus a $200 special assessment.

Bowes argues that her Sixth Amendment right to confront the witnesses against her was violated by the government's introduction at trial of the plea allocution of a co-conspirator, Jackie McTair, to prove the existence of the conspiracy. Although McTair's plea allocution was inadmissible under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), decided after Bowes's trial, we nonetheless hold that this error does not warrant reversing Bowes's conviction.

Although Bowes objected before trial to the admission of McTair's plea allocution, she objected not on Confrontation Clause grounds, but rather on grounds that McTair was not unavailable and that the plea allocution was not probative of the particular conspiracy charged in Bowes's indictment. A25–27. Bowes's Confrontation Clause claim was therefore not properly preserved for appeal. *See United States v. Dukagjini*, 326 F.3d 45, 60–61 (2d Cir.2003). Because under settled Second Circuit precedent at the time of Bowes's trial she could not have successfully challenged the admission of McTair's plea allocution on Confrontation Clause grounds,

we review her unpreserved Confrontation Clause claim under a modified plain-error rule. *United States v. Santiago*, 238 F.3d 213, 215 (2d Cir.2001). Under the basic plain-error rule prescribed by Rule 52(b) of the Federal Rules of Criminal Procedure,

> before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and citation omitted). The modified plain-error rule that applies in this case has the same four elements, but "the government bears the burden of persuasion as to whether substantial rights have been affected." *Santiago*, 238 F.3d at 215.

Under *Crawford*, the district court erred in admitting McTair's plea allocution. We need not decide, however, whether that admission affected McTair's substantial rights. This is because the error did not seriously affect the fairness, integrity, or public reputation of the proceedings below. McTair's plea allocution was only a small portion of the government's case against Bowes. The embezzlement scheme in which Bowes took part generated an extensive paper trail that was put before the jury. The jury also heard testimony of Bowes's statements to the FBI about her knowledge of McTair's activities, and Bowes herself took the stand in an attempt to explain away the evidence against her. Finally, McTair's plea allocution was introduced subject to a limiting instruction that the jury should consider it only as evidence of the existence of a conspiracy, not as evidence of Bowes's guilt. In light of the overwhelming evidence against Bowes, the high quality of her legal representation below, and the otherwise entirely regular nature of the proceedings, the erroneous admission of McTair's plea allocution does not warrant reversal.

Bowes also argues that by refusing to adjourn the trial indefinitely so that she could subpoena Jackie McTair to testify, the district court violated Bowes's Sixth Amendment right to present a defense. We disagree. "The denial of a defendant's request for a continuance will not be reversed absent a showing both of arbitrariness and of prejudice to the defendant." *United States v. Arena*, 180 F.3d 380, 397 (2d Cir.1999). At the time Bowes requested her continuance, there was no doubt that because McTair was awaiting resentencing on related charges, McTair was entitled to, and would, refuse to testify based on her Fifth Amendment privilege against self-incrimination. It was thus not arbitrary for the court to refuse to grant a continuance. Further, because McTair's counsel reported that she would invoke her Fifth Amendment privilege even after being resentenced, and the district court properly agreed that McTair would therefore remain unavailable, Bowes has not demonstrated that she was prejudiced by the district court's refusal to grant a continuance.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.