**UNITED STATES of America,**
**Appellee,**

v.

**James PETERSON and Dean Smalls,**
**Defendants–Appellants.**

**Docket Nos. 04–3815, 04–4473.**

United States Court of Appeals,
Second Circuit.

Aug. 25, 2005.

Roger J. Schwartz, New York, NY, for James Peterson, for Appellants.

Norman L. Reimer, (Susan J. Walsh), Gould Fishbein Reimer LLP, New York, NY, for Dean Smalls, for Appellants, of counsel.

Christina Paglia Bischoff, Assistant United States Attorney (Katherine A. Lemire, Katherine Polk Failla, Assistant United States Attorneys, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Present: NEWMAN, CABRANES and POOLER, Circuit Judges.

### AMENDED SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court are **AFFIRMED.**

■ Defendant Peterson appeals from the District Court's denial of his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(a) and (b)(1). Peterson argues that the post-trial discovery of a witness to some of the underlying events whose testimony at a new trial would probably lead to an acquittal constitutes grounds for granting a new trial. The district court is given broad discretion to decide motions under Rule 33 and such motions are disfavored in this Circuit. *See United States v. Gambino*, 59 F.3d 353, 364 (2d Cir.1995). In light of this applicable law, we see no basis for concluding that the District Court abused its discretion in denying the motion based on the determination that the putative witness's testimony "is not so material that its admission would probably lead to an acquittal." The District Court's conclusion is bolstered by the fact that the jury in defendant Smalls' separate trial did consider the witness's testimony and nonetheless found Smalls guilty. The judgment of the District Court is therefore affirmed.

■ Defendant Smalls argues that the District Court's refusal to advise a juror that she was mistaken in her belief that defendant had previously pleaded guilty to a chain snatching charge constituted an abuse of discretion because it improperly forced defendant to choose between trial by an impartial jury and seeking the removal of one of the two minority jurors. There is no reason to believe that Smalls was ever charged with chain snatching or ever pleaded guilty to such a charge. We need not determine whether the refusal to provide this instruction was error, because in light of the broad discretion given the District Court to replace jurors before deliberations, *United States v. Purdy*, 144 F.3d 241, 247 (2d Cir.1998), and because there is no suggestion that the resulting jury was unfair or partial, *United States v. Towne*, 870 F.2d 880, 885 (2d Cir.1989), we see no basis for a finding of reversible error.

The Government did not inform the District Court that the juror was mistaken in her assertion that Smalls had been on trial and had pleaded guilty to a chain snatching charge, though the Government now claims it did not possess any relevant information at that time. However, when filing its brief in this Court approximately one year later, knowing that the chain snatching conviction was the only question at issue here, and that the juror's recollection was entirely incorrect on that matter, the Government insists that the juror was not "wholly inaccurate" and that there is not sufficient information to say whether the juror was mistaken.[1] At oral argument, counsel for the Government finally acknowledged that there was no chain snatching charge and that defendant did not plead guilty to such a charge. We note our disappointment at this belated acknowledgment of the facts.

■ Smalls also contends that 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by a convicted felon, exceeds Congress' authority to regulate interstate commerce and is thus unconstitutional. This argument has already been considered and rejected by this Court in *United States v. Santiago*, 238 F.3d 213 (2d Cir. 2001). We again reject this argument.

---

1. The Government's brief states that "the possibility exists that the juror had indeed seen Smalls in Bronx Supreme Court at that time, and was mistaken only as to the particular circumstances of the event. For these reasons, the Government did not agree at trial, and cannot agree on appeal, with Smalls' contention that the juror's recollection was wholly inaccurate. The information available to the parties was and is insufficient to make this determination." Government Brief, at 33–34.

We have considered all of defendants' claims on appeal and found them to be without merit. We hereby **AFFIRM** the order of the District Court entered by Judge Stein and judgment of the District Court entered by Judge Hellerstein.

