**UNITED STATES of America, Appellee,**

v.

**Alton CAMPBELL, Defendant–Appellant.**

No. 06–2405–cr.

United States Court of Appeals, Second Circuit.

Feb. 22, 2008.

Henry J. Steinglass, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Michael Farbiarz, Katherine Polk Failla, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Alton Campbell appeals from a judgment of conviction entered on May 4, 2006, following a bench trial. Campbell was convicted of one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

Campbell's contention that his conviction under section 922(g) violates his right to bear arms under the Second Amendment is foreclosed by *Lewis v. United States*, 445 U.S. 55, 65 n. 8, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). His argument that *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), require us to revisit *United States v. Sorrentino*, 72 F.3d 294 (2d Cir.1995), which held section 922(g) to be a constitutional exercise of Congress's powers under the Commerce Clause is foreclosed by our decision in *United States v. Santiago*, 238 F.3d 213, 217 (2d Cir.2001) (per curiam), in which we concluded that "[n]either *Morrison* nor *Jones* requires us to revisit our holding in *Sorrentino*." Finally, we reject Campbell's assertion that we should distinguish *Santiago* from the case at bar on the grounds that *Santiago* was decided under a plain error standard. The *Santiago* court's analysis of this issue did not depend on the fact that it was engaging in plain error review.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.