**UNITED STATES of America,**
**Appellee,**

v.

**Nelson ESTREMERA, Defendant–**
**Appellant.**

**No. 07–3129–cr.**

United States Court of Appeals,
Second Circuit.

Filed July 3, 2008.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, Connecticut, for Defendant–Appellant.

John H. Durham, Counsel to the United States Attorney (Robert M. Spector, Assistant United States Attorney, on the brief), for Nora R. Dannehy, United States Attorney for the District of Connecticut, New Haven, Connecticut, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. COLLEEN McMAHON, District Judge.*

* The Honorable Colleen McMahon, of the Unit-    ed States District Court for the Southern Dis-

Nelson Estremera appeals from his conviction of one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and his sentence of 210 months' imprisonment. We assume the parties' familiarity with the facts and procedural posture of the case.

In this appeal, Estremera challenges his conviction and sentence on four grounds. First, he argues that the district court committed plain error when it selected, from one venire pool, two juries for two separate cases involving the same statutory offense. Second, he objects to the district court's refusal to remove Juror 35 for cause. Third, he argues that unless the felon-in-possession statute is interpreted as requiring the Government to prove a substantial effect on commerce, the statute exceeds Congress's power under the Commerce Clause. Fourth and finally, he claims that the district court erred in applying the Armed Career Criminal Act's sentencing enhancements based on judicial factfinding under a preponderance standard.

■ We first consider Estremera's assertion that the district court committed plain error when it selected two juries, for two different cases involving the same statutory violation, from a single venire pool. "[A]bsent a clear abuse of discretion," we "will not interfere" with the district court's use of its "ample discretion in determining how best to conduct the voir dire." *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir.2007) (citations and internal quotation marks omitted). Because Estremera did not object to the voir dire process, even if the district court abused its discretion, we will notice that abuse only if it constituted plain error. Fed.R.Crim.P. 52(b). Estremera's challenge to the district court's voir dire proce-

dure fails because, even if we were to find error, current law does not recognize or even suggest a Fifth or Sixth Amendment right violated by the district court's selection of two juries from one venire pool. Thus, any error is not "plain at the time of appellate review," *United States v. Regalado*, 518 F.3d 143, 147 (2d Cir.2008), and Estremera therefore has not satisfied the requirements of plain error review.

■ Estremera also challenges the district court's refusal to dismiss Juror 35 for cause. This challenge also fails. "The determination of whether a juror can serve impartially will not be disturbed absent a clear abuse of discretion." *United States v. Perez*, 387 F.3d 201, 205 (2d Cir.2004). Even if Juror 35 should have been removed for cause, Estremera's use of a peremptory challenge to remove Juror 35 is fatal to his claim (although neither Estremera nor the Government appears to have recognized why). In *United States v. Martinez–Salazar*, 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), the Supreme Court squarely addressed circumstances exactly the same as those alleged by Estremera: "the erroneous refusal of a trial judge to dismiss a potential juror for cause, followed by the defendant's exercise of a peremptory challenge to remove that juror." *Id.* at 307, 120 S.Ct. 774. The Court held that "if the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." *Id. Martinez–Salazar*, which remains controlling law, forecloses Estremera's claim.

Next, Estremera argues that the district court should have instructed the jury that it must find that Estremera's possession of the firearm had a "substantial effect" on

trict of New York, sitting by designation.

interstate commerce, rather than a "minimal nexus" with interstate commerce (such as the firearm having crossed state lines). He contends that if the felon-in-possession statute, 18 U.S.C. § 922(g)(1), does not require a substantial effect on interstate commerce, the statute exceeds Congress's power under the Commerce Clause. For support, Estremera cites to *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000).

■ Estremera's claim conflicts with the controlling law in this Circuit, which has reaffirmed that 18 U.S.C. § 922(g), when interpreted to require only a "minimal nexus" between the defendant's possession of a firearm and interstate commerce, is constitutional and does not violate *Lopez, Morrison,* or *Jones.* In *United States v. Santiago*, 238 F.3d 213 (2d Cir.2001) (per curiam), the defendant—like Estremera—argued that "to pass constitutional muster ... the jurisdictional element in the felon-in-possession statute [must] be interpreted only to cover gun possession that has a 'substantial nexus to interstate commerce.'" *Id.* at 216. We disagreed and "reiterate[d] that § 922(g), as interpreted prior to *Lopez,* is properly within Congress's authority under the Commerce Clause." *Id.* at 217. Although *Santiago* was decided on plain error review, it directly considered and decided the constitutional question and remains the controlling law in this Circuit. The jury instruction given by the district court correctly stated the law, *e.g., United States v. Gaines*, 295 F.3d 293, 302 (2d Cir.2002) (upholding a § 922(g) conviction where the interstate commerce element was satisfied by "defendant's concession that the fire-

arms had 'traveled at some time in interstate commerce'"), and Estremera's claim of error is without merit.

■ Estremera's final argument is that the district court should not have applied the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence upon defendants with three or more prior convictions for violent felonies or drug offenses, 18 U.S.C. § 924(e), because the fact of his prior convictions had not been proven beyond a reasonable doubt to a jury. Again, however, Estremera's challenge fails in the face of controlling Supreme Court and Circuit law. In *Almendarez–Torres v. United States*, 523 U.S. 224, 246, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that "Congress has the constitutional power to treat ... prior conviction of an aggravated felony ... as a sentencing factor" to be found by the court rather than a jury. *Id.* at 246, 118 S.Ct. 1219. The Court has repeatedly excluded the fact of a prior conviction from those facts that must be found by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Blakely v. Washington*, 542 U.S. 296, 302, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (restating *Apprendi* rule); *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Unless and until the Supreme Court extends *Apprendi* to the fact of a prior con-

viction, the exception for prior convictions will remain the law of this Circuit:

> [T]he Supreme Court's ruling in *[Almendarez–Torres]* that recidivism is a sentencing factor rather than an element of the crime, remains good law, and it is not within the purview of the Courts of Appeals to anticipate whether the Supreme Court may one day overrule its existing precedent.... While at least one member of the *Almendarez–Torres* majority believes that its logic 'has been eroded' by the Court's subsequent Sixth Amendment decisions and that the Court should, in an appropriate case, consider its 'continuing viability,' *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring in part and concurring in the judgment), the Supreme Court has incorporated the 'prior conviction' exception, through the rule announced in *Apprendi,* in its most recent Sixth Amendment decisions. While we acknowledge a tension between the spirit of *Booker*—that all facts that fix mandatorily a defendant's sentence should be found by a jury or admitted by the defendant—and the Supreme Court's decision in *Almendarez–Torres,* the 'prior conviction' exception nonetheless remains the law.

*United States v. Estrada,* 428 F.3d 387, 390–91 (2d Cir.2005) (citations and internal quotation marks omitted). We recently applied *Estrada* in upholding the application of the Armed Career Criminal Act based on judicial factfinding rather than jury findings. *United States v. Massey,* 461 F.3d 177, 179 (2d Cir.2006). Estremera's Sixth Amendment challenge to the application of the ACCA therefore fails.

We also find no merit in Estremera's challenge to the district court's findings of fact as to his prior convictions. Although Estremera objects to the district court's lack of "information regarding the facts underlying a number of the listed prior convictions," the district court did not err when it took "a 'categorical approach,'" and "look[ed] only to the fact of conviction and the statutory definition of the prior offense rather than to the underlying facts of a particular offense," *United States v. Jackson,* 301 F.3d 59, 61 (2d Cir.2002). And although Estremera contends that a criminal record check and his prior PSR provided "inadequate" support for the district court's factfinding, we review a district court's factfindings at sentencing for clear error, *United States v. Cuevas,* 496 F.3d 256, 267 (2d Cir.2007). We have reviewed the record "in its entirety," and we are satisfied that "the district court's account of the evidence is plausible," *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Accordingly, its findings were not clearly erroneous.

We have considered all of Estremera's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.