**UNITED STATES of America,
Appellee,**

v.

**James McCLOUD, Defendant–
Appellant.**

**No. 07–2242–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 18, 2008.

David R. Morabito, East Rochester, New York, for Appellant.

Monica J. Richards, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, New York, for Appellee.

PRESENT: Honorable AMALYA L. KEARSE, Honorable REENA RAGGI, Honorable DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant McCloud appeals his conviction for unlawful possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i); unlawful possession with intent to distribute five grams or more of cocaine base ("crack" or "crack cocaine"), *see* 21 U.S.C. § 841(a)(1), (b)(1)(B); and being a felon in possession

of a firearm, *see* 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

#### 1. *Evidentiary Challenges*

McCloud argues that he was denied a fair trial by the admission of the testimony of expert witness City of Rochester Police Officer John Brennan and by the admission of drugs and weapons discovered pursuant to a no-knock warrant executed on 56 Garfield Street in Rochester. Both arguments are without merit.

##### A. *Testimony of Officer Brennan*

■ McCloud challenges the admission of expert testimony from Officer John Brennan on several grounds. Our already deferential review of a district court's decision to permit expert testimony, *see United States v. Wexler,* 522 F.3d 194, 204 (2d Cir.2008), is made more so by McCloud's failure to object. Accordingly, we review McCloud's challenges only for plain error, *see* Fed.R.Crim.P. 52(b); *United States v. Johnson,* 529 F.3d 493, 501 (2d Cir.2008), and we identify none in this case.

First, McCloud argues that the government did not disclose its intent to elicit expert testimony from Officer Brennan as required by Fed.R.Crim.P. 16(a)(1)(G).[1] This argument is belied by the government's pre-trial August 3, 2006 Supplemental Expert Disclosure, which identified four expert witnesses, including Officer Brennan, and summarized their testimony.

Second, McCloud contends that Officer Brennan should not have been permitted to testify as an expert because he had "no personal knowledge of the defendant, the

---

1. McCloud erroneously cites to Fed.R.Crim.P. 16(a)(1)(E), which was the relevant section prior to November 2, 2002. *See United States v. Dukagjini,* 326 F.3d 45, 56 n. 5 (2d Cir. 2003).

arrest or any investigations involving the defendant," and his testimony did not help clarify an issue calling for specialized knowledge. As to the latter objection, we have repeatedly held that "the operations of narcotics dealers are a proper subject for expert testimony under Fed.R.Evid. 702 ... where the subject matter of the testimony is beyond the ken of the average juror." *United States v. Mejia,* 545 F.3d 179, 191 (2d Cir.2008) (internal quotation marks omitted); *United States v. Dukagjini,* 326 F.3d 45, 52 (2d Cir.2003). As to the former, we have identified a "heightened risk" of prejudice when case agents with personal knowledge of the defendant are permitted to testify as experts. *See United States. v. Dukagjini,* 326 F.3d at 56; *see also United States v. Mejia,* 545 F.3d at 196. We therefore identify no error in the district court's decision to allow Officer Brennan to offer expert testimony as to the price, weight, and distribution methods of crack cocaine in Rochester. *See United States v. Garcia,* 413 F.3d 201, 216 (2d Cir.2005); *United States v. Tapia–Ortiz,* 23 F.3d 738, 741 (2d Cir. 1994) ("Testimony about the weight, purity, dosages, and prices of cocaine clearly relates to knowledge beyond the ken of the average juror.").

### B. *Motion to Suppress*

McCloud submits that the district judge erred in denying his motion to suppress the cocaine, marijuana, razor blade, ziploc bags, loaded .22–caliber rifle, assorted ammunition, knife, currency, and utility bill seized pursuant to a no-knock search warrant executed on 56 Garfield Street in Rochester.[2] "When reviewing a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error, viewing the evidence in the light most favorable to the government. The district court's legal conclusions are reviewed *de novo.*" *United States v. Worjloh,* 546 F.3d 104, 108 (2d Cir.2008). We conclude that McCloud's suppression challenges are without merit.

■ McCloud asserts principally that officers lacked the "reasonable suspicion" necessary to justify a no-knock entry. *See Richards v. Wisconsin,* 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). The argument fails to support suppression for three reasons. First, the challenged no-knock authority was supported by a reasonable suspicion based on the affiant's experience that the drug evidence that was the object of the search could be readily destroyed upon notice of entry. *See id.* at 389, 395, 117 S.Ct. 1416 (agreeing with state court's conclusion that "the easily disposable nature of the drugs the police were searching for" further justified no-knock entry). Second, even if the affiant's experience was insufficient to meet the "not high" standard for reasonable suspicion, *id.* at 394–95, 117 S.Ct. 1416, the defect was not so obvious as to preclude the executing officers' reliance on the warrant, *see United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984). Finally, the Supreme Court has itself made plain that suppression is not warranted where the only defect in a warrant is its authorization for a no-knock entry. *See Hudson v. Michigan,* 547 U.S. 586, 599, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006); *see also United States v. Acosta,* 502 F.3d 54, 58 (2d Cir.2007).

■ To the extent McCloud further challenges the seizure of the .22–caliber rifle and ammunition on the ground that those items were not described with particularity in the search warrant, we con-

---

**2.** The district court reached this conclusion on *de novo* review of a magistrate judge's recommendation that the suppression motion be denied.

clude that the district court properly relied on the plain view exception to the warrant requirement in refusing to suppress these items. *See United States v. Gamble,* 388 F.3d 74, 76–77 (2d Cir.2004). McCloud does not challenge the Magistrate Judge's finding, adopted in its entirety by the District Judge, that the loaded .22–caliber rifle and ammunition were located in the same foyer as the crack cocaine and marijuana seized pursuant to the valid warrant and that the .22–caliber rifle and .22–caliber ammunition were in plain view of the officers legally present in the foyer. The connection between a loaded rifle and evidence of drug-packaging in the foyer cannot be doubted, as we have frequently noted that "a gun is generally considered a tool of the trade for drug dealers." *United States v. Wallace,* 532 F.3d 126, 131 (2d Cir.2008) (internal quotation marks omitted); *United States v. Gaskin,* 364 F.3d 438, 457 (2d Cir.2004). Accordingly, we conclude that the district court did not err in denying McCloud's motion to suppress.

### 2. *Sufficiency Challenge*

McCloud argues that the evidence adduced at trial was insufficient as a matter of law to support the jury's guilty verdict, and the district court therefore erred in denying his Rule 29 motion for a judgment of acquittal. "A defendant challenging the sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor." *United States v. Gagliardi,* 506 F.3d 140, 149 (2d Cir.2007) (internal quotation marks omitted). "We review *de novo* a district court's denial of a Rule 29 motion" and we will affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Florez,* 447 F.3d 145, 154 (2d Cir.2006) (em-

phasis in original, internal quotation marks omitted). We conclude that McCloud's sufficiency challenge lacks merit.

The jury heard testimony that McCloud was the only adult present at the residence at the time of the raid and that, before fleeing upstairs as officers entered the residence, McCloud was initially seen in the foyer, where quantities of crack cocaine consistent with distribution and a loaded firearm were in plain view. Moreover, officers located a utilities bill for the premises addressed to McCloud on the same desk as the crack cocaine. When viewed in the light most favorable to the government, this evidence was sufficient to support the guilty verdicts on all counts. *See United States v. Jones,* 531 F.3d 163, 169 (2d Cir.2008) ("[A] defendant's presence alone in a room where contraband was in plain view [i]s sufficient to support a jury inference that he exercised dominion and control over it.").

### 3. *Jury Instructions*

McCloud challenges the district court's jury instruction on the charge that he knowingly possessed a firearm in furtherance of a drug-trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A)(i). Specifically, McCloud takes issue with the district court's statement that "in furtherance means that the firearm afforded some advantage, actual or potentially, real or contingent, relative to the evils of drug trafficking," arguing that this instruction conveyed to the jury that McCloud was himself "evil." Because McCloud failed to object to this instruction at trial, we review his claim for plain error, *see* Fed. R.Crim.P. 52(b); *United States v. Worjloh,* 546 F.3d at 110, and we will reverse only if we conclude that the charge, viewed "as a whole" manifested prejudicial error, *see United States v. Hassan,* 542 F.3d 968, 986 (2d Cir.2008). That is

not this case. The district court's use of the word "evils" was in reference to drug trafficking, not McCloud, and, in light of the instructions as a whole, defendant has failed to carry his burden of demonstrating that the single use of that word "affected the outcome of the district court proceedings." *United States v. Joseph,* 542 F.3d 13, 29 (2d Cir.2008) (internal quotation marks omitted).

### 4. *Ineffective Assistance of Counsel*

■ McCloud asserts that his counsel was ineffective for failing to object either to Officer Brennan's expert testimony or to the district court's jury instructions. The Supreme Court has stated that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). This is not such a case, however, because we have already concluded that there is no merit to McCloud's expert witness or jury instruction challenges. It necessarily follows that McCloud cannot demonstrate the prejudice required by the second prong of *Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See United States v. Wellington,* 417 F.3d 284, 288 (2d Cir.2005) (rejecting patently meritless ineffective assistance claim on direct review).

### 5. *McCloud's Pro Se Motion*

Finally, McCloud asks us to consider his *pro se* "Motion to Arresting Judgment," originally submitted to the district court, in which he argued that the evidence failed to demonstrate the interstate commerce nexus necessary to support jurisdiction. We have repeatedly rejected this argument in cases involving firearms and illegal drugs, and we do so again here. *See United States v. Vasquez,* 267 F.3d 79, 90

(2d Cir.2001) (narcotics trafficking); *United States v. Santiago,* 238 F.3d 213, 217 (2d Cir.2001) (18 U.S.C. § 922(g)); *United States v. Walker,* 142 F.3d 103, 111 (2d Cir.1998) (18 U.S.C. § 924(c)(1)).

We have considered all of the appellant's arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.