24-1851-cr
United States v. Samuels (Mackins)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT: AMALYA L. KEARSE,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

-------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      No. 24-1851-cr

DANZEL MACKINS,

*Defendant-Appellant*.[*]

-------------------------------------------------------------------

---

[*] This appeal was consolidated with the appeal of Defendant-Appellant Darrin Samuels, No. 24-1801. In a separate order, we address the *Anders* motion filed by counsel for Samuels and the Government's motion for dismissal or summary affirmance. Therefore, this appeal is hereby severed from the consolidated appeal of Samuels. Accordingly, the Clerk of Court is directed to amend the caption of No. 24-1851 as set forth above.

1

FOR DEFENDANT-APPELLANT:    Peter J. Tomao, Anthony J. Galioto, Law Office of Peter J. Tomao, Garden City, NY

FOR APPELLEE:    Thomas John Wright, Olga I. Zverovich, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Danzel Mackins appeals from a judgment entered in the United States District Court for the Southern District of New York (Kaplan, *J.*) convicting him, following his plea of guilty, of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The sole issue before us on appeal is the constitutionality of § 922(g)(1).[1] We assume the parties' familiarity with the underlying facts and the

---

[1] Mackins asserts, in a single conclusory sentence, that "this Court should . . . reverse the judgment as to the special conditions of supervised release." Appellant's Br. 39. Because Mackins insufficiently developed that argument, we decline to consider it. *See United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013).

record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Mackins argues that § 922(g)(1) is unconstitutional on its face and as applied to him in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  We review the argument for plain error because Mackins failed to raise it in the District Court.  *See United States v. Santiago*, 238 F.3d 213, 215, 217 (2d Cir. 2001).  We find no error.  Mackins's argument is clearly foreclosed by *Zherka v. Bondi*, in which this Court held that § 922(g)(1) is constitutional both on its face and as applied to convicted felons with nonviolent predicate crimes of conviction.  *See* 140 F.4th 68, 74–75, 93 (2d Cir. 2025).

We have considered Mackins's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court