

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2004

# USA v. Stubbs

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Stubbs" (2004). *2004 Decisions*. Paper 509.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/509

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 03-3897
_____

UNITED STATES OF AMERICA

v.

CHARLES STUBBS,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 99-cr-00175-1)
District Judge: CHIEF JUDGE, DONETTA W. AMBROSE

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2004

Before: NYGAARD, McKEE and CHERTOFF, *Circuit Judges.*

(Filed: July 9, 2004)
_____

OPINION
_____

McKEE, *Circuit Judge.*

Charles Stubbs appeals his conviction for violating of 18 U.S.C. § 922(g)(1)

("felon in possession"). He argues that the district court's jury instructions were

erroneous, and that 18 U.S.C. §922(g)(1) is unconstitutional on its face or as applied to

him. For the following reasons, we will affirm.

# I. FACTUAL BACKGROUND

Charles Stubbs and two others were charged with various crimes in connection with an October 7, 1999 bank robbery. The charges included: conspiracy, bank robbery, armed bank robbery, carrying and using a firearm during a crime of violence, and being a felon in possession of a firearm. Stubbs was originally convicted of all charges, but we thereafter vacated his convictions and remanded for a new trial. *See United States v. Stubbs,* 281 F.3d 109 (3d Cir. 2002). On remand, Stubbs was once again convicted of all charges, and this appeal followed.

He now challenges only his conviction for violating 18 U.S.C. § 922(g)(1), as charged in Count V. In order to prove a violation of 18 U.S.C. § 922(g)(1), the government must prove (1) that Stubbs has a prior felony conviction for a crime punishable by more than one year of imprisonment, (2) that he possessed a firearm, and (3) that the firearm had traveled in interstate or foreign commerce.[1] Stubbs claims that the jury instruction was erroneous, and that the evidence was insufficient to establish the required nexus to interstate commerce.

---

[1] The relevant language of 18 U.S.C. §922(g)(1) is:

(g) It shall be unlawful for any person- -

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The government sought to establish the interstate commerce element through uncontested testimony that the guns in question were manufactured in Connecticut and California. The court charged the jury, in relevant part, as follows:

> Members of the jury, I'm sure that you understand, in arriving at your decision on the charges of felon in possession, you are permitted to use all the evidence and all the instructions that you have previously received, in addition to the following instruction which specifically applies to the crime of possession of a firearm by a convicted felon to be established, the government must prove all the elements beyond a reasonable doubt.
> That the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year;
> That the defendant thereafter possessed a firearm; and that said firearm was possessed in or affecting interstate commerce.

## II.  DISCUSSION

### A. Sufficiency of the Evidence

Stubbs first argues that the evidence was insufficient to support a conviction under 18 U.S.C. §922(g)(1), because the government only proved the guns were manufactured outside of Pennsylvania.[2] Stubbs contends that out-of-state manufacture before he possessed the guns in Pennsylvania is insufficient to establish the interstate commerce element of the offense.

We review the "sufficiency of the evidence . . . in a light most favorable to the Government following a jury verdict in its favor." *See United States v. Gambone,* 314

---

[2]There are two guns at issue in this case.  They were manufactured in California and Connecticut.  Stubbs argues that this only proves the place of manufacturer and not that they traveled in interstate commerce as required by 18 U.S.C. §922(g)(1).

F.3d 163, 169-70 (3d Cir. 2003)(citing *United States v. Antico,* 275 F.3d 245, 260 (3d Cir. 2001) and *Glasser v. United States,* 315 U.S. 60, 80 (1942)). "We must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision . . . We do not weigh evidence or determine the credibility of witnesses in making this determination." *Id.* (citing *United States v. Beckett,* 208 F.3d 140, 151 (3d Cir. 2000).

Although Stubbs attempts to claim that out-of-state manufacture does not establish travel in interstate commerce, it is now well established that "proof that the possessed firearm had previously traveled in interstate commerce [is] sufficient to satisfy the. . . [] 'in commerce or affecting commerce'[] nexus requirement." *United States v. Gateward*, 84 F.3d 670, 671 (3d Cir. 1996) (citing *Scarborough v. United States*, 431 U.S. 573 (1997)).

Stubbs relies primarily upon *United States v. Singletary,* 268 F.3d 196 (3rd Cir. 2001) for his argument to the contrary. There, we applied the Supreme Court's ruling in *Scarborough* in holding "proof . . . that the gun had traveled in interstate commerce, at some point in the past, [is] sufficient to satisfy the interstate element." *Id.* at 205. Stubbs claims that *Singletary* therefore requires direct or "specific testimonial evidence of, or stipulation to, the gun's post-manufacture travel through interstate commerce." (Brief at 30). However, this precise requirement exists nowhere in *Singletary.* It is uncontested that the two guns Stubbs possessed were manufactured in Connecticut and California and that Stubbs possessed them here in Pennsylvania. The district court correctly noted that

4

they got here somehow and they could not have done so without traveling in interstate commerce.[3]

Here, as in *Singletary*, the guns in question were manufactured outside of Pennsylvania. Therefore, the jury could conclude that the guns traveled in interstate commerce to get here. Indeed, the jury could conclude nothing else.

## B. Jury Instructions

Stubbs next argues that the jury instruction pertaining to § 922(g) was erroneous because the trial judge failed to define "interstate commerce." Stubbs reasons that the meaning of "interstate commerce," is not commonly understood by lay persons. However, Stubbs did not object to the charge at trial, and we therefore review the instruction for plain error. *United States v. Olano,* 507 U.S. 725 (1993). In order to prevail under a plain error analysis there has to be an "error," that is "plain" and "affects substantial rights." *Id.* at 732. An error is plain when it is "obvious" or "clear." *Id.* at 734. To "affect[] substantial rights" the error must have "affected the outcome of the district court proceedings." *Id.* Furthermore, Stubbs must demonstrate that any such error was prejudicial. *Id.* at 735. If Stubbs can satisfy his burden and establish plain error we have authority to correct it, "but [we are] not required to do so." *Id.*

Even if we assume that the trial court erred by not defining "interstate commerce,"

---

[3] They clearly did not undergo some kind of quantum state fluctuation and then materialize out of the ethers here in Pennsylvania without traversing the space between Pennsylvania and the states of manufacture.

it is clear that the error was not prejudicial and therefore did not affect the outcome of this case. It is fair to assume that most people understand what is meant by "interstate commerce," and it is impossible for us to conclude that defining that term for the jury would have altered the outcome given the place of manufacture.

Therefore, Stubbs can not establish plain error.

### C. Constitutionality of § 922(g)(1)

Stubbs' final argument is a challenge to the constitutionality of §922(g)(1). However, we have already rejected that claim in *Singletary*, 268 F.3d at 205, and will not now revisit that ruling. *See*, 3d Cir. I.O.P. 9.1.

### III. Conclusion

For the above reasons, we will affirm the judgment of conviction.

_____