**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
THIRD CIRCUIT
_____

No. 15-2038
_____

UNITED STATES OF AMERICA

v.

SHAROD THOMAS,
                                        Appellant
_____

Appeal from the United States District Court for the District of New Jersey
(Crim. No. 1-12-cr-00378-001)
District Judge: Hon. Renée Marie Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 11, 2016
_____


BEFORE: MCKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Filed: February 12, 2016 )
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MCKEE, Chief Judge

Sharod Thomas appeals his conviction for being a felon in possession of a firearm. For the reasons that follow, we will affirm.[1]

I.

Because we write primarily for the parties who are familiar with the facts and procedural history, we set forth only those details necessary to our conclusion. The government charged Thomas in a three-count indictment with: (1) possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Count I); (2) possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count II); and (3) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count III).

This appeal arises from a retrial of Thomas that followed a mistrial. The district court conducted the retrial in two phases. During the first, the court tried only the possession of heroin and possession of a firearm in furtherance of a drug trafficking crime charges (Counts II and III). The jury returned guilty verdicts on both counts. In the second phase, which focused on Count I, Thomas stipulated that he had previously been convicted of a felony. The district court then instructed the jury on the three elements of possession of a firearm after a felony conviction: "In order to find the defendant guilty of this count . . . you must find . . . beyond a reasonable doubt" (1) that the defendant "was previously convicted of a felony"; (2) that "after his conviction," the defendant "knowingly possessed a firearm"; and (3) that the defendant's "possession was in or

_____

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 (2012).

affecting interstate or foreign commerce."[2] The court defined the first element for the jury and correctly noted that it had already defined the second element during the first phase of the trial. However, the court mistakenly told the jury that it had previously provided an instruction on the interstate commerce element, when, in fact, it had not. When the district court asked if either party objected to these instructions, neither defense counsel nor the prosecutor objected.

Moments after sending the jury to deliberate, the district court realized it had failed to define the third element of Count I: interstate commerce. To remedy this omission, it recalled the jury and proposed a supplemental instruction defining interstate commerce. Although Thomas agreed that this supplemental instruction was substantively correct, he objected to the proposed remedy. He argued that the instruction might pressure the jury to return a verdict quickly. The court overruled Thomas' objection and gave the supplemental instruction. In doing so, the court first repeated all three elements of the § 922(g)(1) offense and then defined the interstate commerce element.

Shortly after receiving the amended instructions, the jury returned a guilty verdict on Count I. After the court imposed sentence, Thomas filed this appeal, challenging his conviction for being a felon in possession as charged in Count I.

---

[2] J.A.II. 474; *see also* THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS § 6.18.922G.

II.

A.

Thomas contends that the district court's initial failure to define the interstate commerce element constitutes plain error. We disagree for two reasons. First, the district court's immediate supplementation of its initial definition remedied any deficiency in its original instruction. The Supreme Court has explained that a "district court can often correct . . . [a procedural] mistake so that it cannot possibly affect the ultimate outcome."[3] Moreover, a jury instruction is not in error if "'taken as a whole and viewed in the light of the evidence, [the instruction] fairly and adequately submits the issues in the case to the jury [without confusing or misleading the jurors].'"[4] Here, it cannot seriously be disputed that the district court's prompt corrective action mitigated any deficiency in the original instruction, and there was no error in the charge the district court ultimately gave.

Moreover, Thomas cannot show that the district court's initial omission of the interstate commerce definition prejudiced him. In plain error review, we only reverse the district court if we conclude the error affected the outcome of the proceedings.[5] The

---

[3] *Puckett v. United States*, 556 U.S. 129, 134 (2009).

[4] *United States v. Simon*, 995 F.2d 1236, 1243 n.11 (3d Cir. 1993) (alterations in original) (quoting *United States v. Messerlian*, 832 F.2d 778, 789 (3d Cir. 1987) (quoting *United States v. Fischbach & Moore, Inc.*, 750 F.2d 1183, 1195 (3d Cir.1984))); *see United States v. Crawford*, 498 Fed. App'x. 163, 167 (3d Cir. 2012) (not precedential) (no error where the district court misstated the law when reading one of its jury instructions and then corrected the mistake).

[5] *United States v. Olano*, 507 U.S. 725, 734 (1993) ("The third and final limitation on appellate authority under Rule 52(b) is that the plain error affect substantial rights. This is the same language employed in Rule 52(a), and in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.") (internal quotation marks and alterations omitted); *see Neder v. United*

4

evidence with respect to the interstate commerce element was overwhelming. The government introduced evidence that the firearm at issue was manufactured in Ohio and sold to a purchaser in Nevada.[6] The ammunition that the police found in the weapon was made in Idaho and Illinois.[7] Thomas did not dispute any of this evidence.[8] Instead, in closing, defense counsel stated he did not "have any problem with" the testimony that "the gun . . . moved in interstate commerce."[9] Given this strong and uncontested evidence, the initial omission of the interstate commerce definition could not have altered the outcome of the trial.[10] Accordingly, no plain error occurred.

Thomas' reliance on *United States v. Retos*[11] and *United States v. Xavier*[12] to argue the contrary is misplaced. In those cases, we held that district court failures to provide complete jury instructions constituted plain error because the evidence offered to support the omitted elements was not overwhelming.[13] That is simply not the situation here. Therefore, the district court's original omission was harmless.

---

*States*, 527 U.S. 1, 15 (1999) (concluding that "the omission of an element [in a jury instruction] is an error that is subject to harmless-error analysis").

[6] *See* J.A.II. 367.

[7] *See* J.A.II. 368-69.

[8] *See* J.A.II. 2A370-71.

[9] J.A.II. 448.

[10] *See United States v. Saybolt*, 577 F.3d 195, 206 (3d Cir. 2009) (in light of the evidence, failure to instruct the jury on an element of the charged violation was harmless); *United States v. Stubbs*, 103 F. App'x 471, 474 (3d Cir. 2004) (non-precedential) (holding that the district court's failure to define the interstate commerce element of a § 922(g)(1) offense was not prejudicial).

[11] 25 F.3d 1220 (3d Cir. 1994).

[12] 2 F.3d 1281 (3d Cir. 1993).

[13] *See Retos*, 25 F.3d at 1232; *Xavier*, 2 F.3d at 1287.

Second, Thomas argues that the district court's provision of a supplemental jury instruction coerced the jury into rushing its verdict.[14] We disagree. We review a district court's decision to give a supplemental jury instruction, and its contents, for abuse of discretion.[15] Pursuant to that standard, Thomas must show that the supplemental instruction, when viewed "in the context of the overall charge," was "arbitrary, fanciful or clearly unreasonable."[16] Furthermore, because the supplemental instruction was legally correct, "the district court enjoy[ed] broad discretion in determining how, and under what circumstances, that charge [would] be given."[17]

We have long recognized that "supplemental jury charges should not be used to 'blast a hung jury into verdict.'"[18] We have also recognized that supplemental charges are coercive where the "'charge caused the jury to be influenced by concerns irrelevant to their task'" and reach a "'subsequent verdict for reasons other than the evidence presented to it.'"[19] But such a risk does not exist here. The district court gave a supplemental instruction immediately after the jury was sent to deliberate, and the instruction was directly relevant to the jury's task. The district court's amended instruction only served to assist the jurors in applying the law to the uncontested evidence

---

[14] Appellant's Br. 15-16.

[15] *United States v. Jackson*, 443 F.3d 293, 297 (3d Cir. 2006).

[16] *Id.* (internal quotation marks omitted).

[17] *United States v. Civelli*, 883 F.2d 191, 195 (2d Cir. 1989) (citing *United States v. Bayer*, 331 U.S. 532, 536 (1947)).

[18] *Jackson*, 443 F.3d at 297 (quoting *United States v. Burley*, 460 F.2d 998, 999 (3d Cir. 1972) (internal quotation marks omitted)).

[19] *United States v. Boone*, 458 F.3d 321, 326 (3d Cir. 2006) (quoting *Jackson*, 443 F.3d at 297) (internal quotation marks omitted).

they heard at trial. Accordingly, we conclude that the district court did not abuse its discretion in providing the supplemental instruction.

Thomas relies on the jury's rapid deliberation on the § 922(g)(1) count to support his coercion argument.[20] He claims that the instruction must have been coercive because "a verdict of guilty was returned not more than three minutes"[21] after the district court provided the supplemental instruction. But the jury's quick verdict in this case is not surprising. Thomas had stipulated to his felony conviction, satisfying the first element of § 922(g)(1) off the bat. Moreover, in convicting Thomas of the § 924(c) count during the first phase of the trial, the jury found, beyond a reasonable doubt, that Thomas knowingly possessed the firearm. This established the second element of § 922(g)(1). Finally, as previously explained, Thomas did not contest the government's evidence that the firearm and ammunition traveled in interstate commerce. Thus, the third and final element of § 922(g)(1) also was not a matter of serious debate. Accordingly, the strength of the evidence, not the supplemental instruction, likely accounts for the swiftness of the jury's decision.

---

[20] Appellant Br. 17-19.

[21] Appellant's Br. 18. To support this theory, Thomas represents that our decision in *Snyder v. Claudio*, 68 F.3d 1573, 1576 (3d Cir. 1995), found "'impermissible coercion of juror when original jury required four hours to render verdict but reconstituted jury required only twenty-nine minutes.'" Appellant's Br. 17 (quoting *Snyder*, 68 F.3d at 1576). However, this direct quotation comes from a parenthetical summarizing a Ninth Circuit decision. *Snyder*, 68 F.3d at 1576. In reality, *Snyder* holds nothing of relevance to the present appeal.

Thomas also suggests that the district court should have instructed the jury to begin its deliberations anew after providing the supplemental instruction.[22] However, as the government points out,[23] Thomas rejected this course of action when the governmental proposed it at trial, stating that he would prefer the deliberations to continue instead of beginning anew.[24] This Court will not review alleged errors that the defendant invited or induced.[25] We reject Thomas' claim that the jury should have re-initiated its deliberations because Thomas himself thwarted that course of action.

Finally, we note that even if the supplemental instruction were somehow coercive, any such coercion would be harmless. As previously explained, Thomas stipulated that he was a career offender; the jury had already found Thomas knowingly possessed the firearm and ammunition; and the evidence that the firearm and ammunition traveled in interstate commerce was uncontested. Given this overwhelming evidence, a guilty verdict on the § 922(g)(1) count was inevitable. Accordingly, any abuse of discretion that did occur was harmless.

---

[22] Appellant's Br. 16-17.

[23] Appellee Br. at 24-25.

[24] J.A.II. 481. When the district court discovered its omission, the government suggested that the district court direct the jurors "to start their deliberations anew." J.A.II. 481. When the court responded "Okay," Thomas immediately objected, stating: "I'm going to object to that too because, again, I think it's only reemphasizing that what was going on was improper, and it wasn't. *I think they should just be told to go on deliberating.*" J.A.II. 481 (emphasis added).

[25] *See United States v. Kolodesh*, 787 F.3d 224, 231 (3d Cir. 2015); *United States v. Stewart*, 185 F.3d 112, 127 (3d Cir. 1999); *United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993).

III.

For the reasons set forth above, we affirm the district court's judgment. Thomas has failed to show that the district court committed a plain error in omitting the definition of interstate commerce from its initial instruction. Likewise, Thomas has not shown that the district court abused its discretion in providing a substantively-correct supplemental instruction immediately after the jury began its deliberations.